Nolan *vs*. The State of Georgia.

JOHN H. NOLAN, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

| 53 | 137 |
|----|-----|
| e118 | 24 |
| 58 | 137 |
| 119 | 412 |
| 53 | 137 |
| 120 | 496 |
| 53 | 137 |
| 129 | 171 |

1. Consent of counsel that should the jury agree that night, they might return a sealed verdict to the clerk and disperse, cannot be construed to extend to a verdict found on the next day.
2. It was the legal right of the defendant to be present when the verdict was rendered, and had a motion to set aside such verdict been made on the ground of his absence, it should have been granted.
3. It has never been the practice of the courts of this State to require the fact of the defendant's presence at the time of the rendition of the verdict, to be entered on the record and made a part thereof. The absence of such entry is therefore no ground for arresting the judgment.

Criminal law. Verdict. Practice in the Superior Court. Record. Before Judge SCHLEY. Chatham Superior Court. November Special Term, 1874.

For the facts of this case, see the decision.

A. P. ADAMS; S. B. ADAMS; HENRY B. TOMPKINS, for plaintiff in error.

ALBERT R. LAMAR, solicitor general, for the state.

WARNER, Chief Justice.

1. The defendant was indicted for the offense of murder, and on the trial thereof, the jury returned a verdict finding him guilty of voluntary manslaughter. When the jury were out the night before the verdict was returned, the defendant's counsel consented that if the jury should agree that night they could return a sealed verdict to the clerk and disperse. The jury did not agree upon a verdict that night, but on the next day brought in their verdict, which was received in the absence of the defendant and his counsel. The defendant made a motion in arrest of judgment on that ground, which motion was overruled by the court, and the defendant excepted. The consent of the counsel cannot fairly be construed to extend to the next day, especially in a criminal case.

VOL. LIII. 10.

2. That it was the legal right of the defendant to have been present when the verdict was rendered by the jury, we entertain no doubt, and if a motion had been made to set aside the verdict on the ground of his absence, that motion should have been granted by the court. The defendant, however, did not make a motion to set aside the verdict, but made a motion in arrest of judgment. The 4629th section of the Code declares that no motion in arrest of judgment shall be sustained for any matter not affecting the real merits of the offense charged in the indictment. A motion in arrest of judgment is predicated on some defect which appears on the face of the record or pleadings.

3. It has never been the practice of the courts of this state, so far as we know or are advised, to require that the fact of the defendant's presence at the time of the rendition of the verdict, should be entered on the record, and made a part thereof. If the defendant is not present when the verdict is rendered, that is a fact *extrinsic* of the record, and may be shown on a motion to set aside the verdict for that reason.

Let the judgment of the court below be affirmed.