## JAMES FINCH *v.* THE STATE.

1. CRIMINAL LAW.   *Practice.   Verdict in absence of prisoner.   Not cured by reassembling jury.*

    A verdict in a case of grand larceny, rendered in the absence of the prisoner, while he is in jail by order of the court, is erroneous; and the error is not cured by reassembling the jury after they have been discharged, and having them assent to and return the verdict in the prisoner's presence.

2. FORMER JEOPARDY.   *Premature discharge of jury.*

    The premature discharge of the jury without right entitles the prisoner to an acquittal, because of former jeopardy.   And hence, where the judgment is reversed because the verdict was returned and the jury discharged in the absence of the prisoner, the Supreme Court does not remand the case for a new trial, but orders the prisoner to be discharged.

Error to the Circuit Court of Rankin County.

Hon. A. G. Mayers, Judge.

This was an indictment for grand larceny. The defendant Finch pleaded " not guilty," was tried by a jury, and found guilty. The entry shows that the verdict was received and the jury discharged while the prisoner was in jail. Afterwards the prisoner was brought into the court-room, and the jury, being recalled to the jury-box, then, in presence of the prisoner, reaffirmed their verdict. A writ of error was taken to the Supreme Court, and the error assigned is, that the Circuit Court erred in receiving the verdict in the absence of the prisoner.

*Jayne & Buchanan* and *A. J. McLaurin*, for the plaintiff in error.

*J. A. Brown*, on the same side.

1. The verdict having been received while the defendant was in prison, was void. *Price's Case*, 36 Miss. 542.

2. This was not cured by recalling the jury to the jury-box after they had been discharged for a few minutes, and having them reaffirm their verdict. *Hine's Case*, 8 Humph. 602; *Brister's Case*, 26 Ala. 131, 132; *Mill's Case*, 7 Leigh, 751; *Tilton's Case*, 52 Ga. 478; *Kelly's Case*, 46 Cal. 356; *Sargent's Case*, 11 Ohio, 472.

3. The record does not show that either the prisoner or his counsel knew of the first verdict and discharge of the jury until after the second verdict. But had they known it in time, it would not have altered the result in this court, for neither of them, nor both of them together, could waive the prisoner's right to poll the jury. *Rose's Case*, 20 Ohio, 32; *Prine's Case*, 18 Penn. St. 104.

*G. E. Harris*, Attorney-General, for the State.

1. The error committed by the court, in receiving the verdict in the prisoner's absence, was corrected by recalling the jury, while they were in a body in the court-room, and re-submitting the case to them, when they returned the proper verdict in the prisoner's presence.

2. There was no opportunity for harm to the prisoner. The jurors had been discharged only ",a few minutes," were still in presence of the court and had not even dispersed.

3. When the verdict was finally returned to the court, neither the accused nor his counsel attempted to poll the jury, although at that time both were present, and the prisoner had full opportunity to avail himself of all his constitutional or legal rights, by polling the jury or otherwise.

4. Although present, neither the accused nor his counsel objected to the proceeding, nor took any bill of exceptions, and no such point was made in the court below. As he did not avail himself of his rights when opportunity was given, he waived them. It is too late now to come into this court and insist he has been deprived of valuable rights by the action of the court below.

CAMPBELL, J., delivered the opinion of the court.

Under the view we take of this case only one point need be noticed. The indictment is for grand larceny, the accused was arraigned and put on trial, and the cause given to the jury, which, after having retired to consider of their verdict, returned into court, and announced a verdict of guilty, as charged in the indictment; " whereupon (the record shows) the jury were discharged, and the defendant, James Finch, being called, it was found that . . . the sheriff had, by order of the judge, placed said defendant in jail; whereupon the jury, having been discharged for a few minutes, were recalled to the jury-box, and the defendant was brought into open court, and placed at the bar thereof; whereupon the indictment, instructions and verdict were returned to the jury, when they assented to and returned the aforesaid verdict " of guilty. Upon this the prisoner was sentenced to imprisonment in the penitentiary. It is manifest that the verdict was received in the absence of the prisoner through inadvertence. The result is deplorable, but the law must be maintained, whatever the consequences to be regretted in a particular case. The accused had the right to be present when the verdict was announced, that he might *witness the proceeding, and poll the jury.* It was erroneous to receive the verdict in his absence. The court had no right to discharge the jury under the circumstances. *Price* v. *State*, 36 Miss. 531; *Josephine* v. *State*, 39 Miss. 613; *Nolan* v. *State*, 55 Ga. 521. The verdict of the jury, in the absence

of the prisoner, was a nullity, and its reannouncement by the jury, on being recalled, was a nullity, because the jury had been discharged, and could not lawfully be reassembled to take charge of the prisoner's case.

The premature discharge of the jury without right entitles the prisoner to an acquittal, because of former jeopardy.

*Judgment reversed and prisoner discharged.*