## Ex Parte Henry A. Fleming.

1. Criminal Law. *Power of Governor to respite and fix day for execution.*
   The Governor of this State has the power, under section 10 of article 5 of the Constitution, to grant a respite of the sentence of one convicted to be hanged for murder, and to fix a later day for the execution of the convict.

2. Same. *Sentence of death. In what county to be executed.*
   Where, by reason of a change of venue one is convicted of murder in a county other than that in which the killing took place, the sentence of death should be executed in the county of the conviction and not in that where the murder was committed, even though the convict be confined for safety in the jail of the latter county.

Appeal from decision of Hon. A. B. Fly, Chancellor of the Second Judicial District on *habeas corpus.*

The case is stated in the opinion of the court.

*H. K. Martin,* for the appellant.

Sect. 10 of the Constitution confers upon the Governor the power to grant reprieves and pardons, and remit fines, etc., in all criminal and penal cases, except treason and impeachment. In cases of treason he may grant reprieves only by and with the consent of the Senate, and to that end may respite the sentence until the next session of the Legislature. It is clear that the Governor may pardon, but we fail to find any authority given him to grant a temporary respite, except in the case above cited. Nor do we find any authority given him to fix or name a day for the execution of the death penalty, except in cases referred to in sect. 3094, Code of 1880. Thus where the convict is either insane or pregnant, the sentence shall be suspended until the Governor is satisfied

of the sanity of the convict, etc., and then especial authority is given him in these cases to cause the death penalty to be inflicted by his warrant to the proper sheriff.   Which we insist clearly negatives the   idea   of   such   authority   in   any other   class   of   cases.   We insist· that   the   sentence of death   cannot   be   pronounced   against. any   human   being otherwise   than   by   a   judicial   tribunal' having   jurisdiction   of   the   party   and   of   the   subject-matter.   Neither can   a   death   warrant   be   executed   and   returned   on   any other day except that named in the judgment of the court. The Governor may in his discretion prevent the death penalty by his pardon, but he can never by his order enforce a death penalty lawfully ; this requires a judicial action which he cannot lawfully perform.   Whenever he respites beyond the day named in the judgment of the court, the rule laid down in sect. 3095, Code of 1880, must be resorted to. In point of fact, relator never has been confined in the jail of Calhoun County, but through the orders of the court has all the time been confined in the jail of Yalobusha County — the county in which the alleged murder was committed. So far as we have been able to see, the statute is silent as to the place of execution except as laid down in sect. 3092, Code of 1880.   This section provides that the convict shall be hung in the jail or jail-yard where confined, unless the Board of Supervisors shall select another place.   The statute being otherwise silent, we insist that the death penalty should of right be inflicted in Yalobusha county, the county in which relator was indicted, where he lives and where the crime was committed, if committed· at all.

*J. L. Harris, contra.*

1. The Governor has the unlimited and unrestricted power to pardon.   Upon the principle that the greater includes the less, he must also have the power to respite.   Wherefore, the proposition of counsel for appellant must be erroneous since it rests upon a denial of this authority alone.

Chalmers, J., delivered the opinion of the court.

Henry Fleming was convicted in the Circuit Court of Calhoun County of the crime of murder, and the judgment having been affirmed in this court he was sentenced to be hanged on the 24th of March, 1883. The Governor of the State granted a respite of the sentence until the 25th of April, 1883, with a view of investigating an application for pardon, which had been presented in his behalf. He declined to grant a pardon, and a few days before the expiration of the respite this writ of *habeas corpus* was sued out by the convict claiming to be released from custody, or at least to be delivered from execution on the day appointed. The writ was granted by the chancellor, but upon the hearing was dismissed, and from the order dismissing it he has appealed.

His contention is this: the Governor of this State has no power to grant a respite, and hence no power to fix a day of execution for a convict, and that, inasmuch as the day of execution fixed by order of this court has now passed, no other day can be appointed, save in accordance with sect. 3095 of the Code of 1880, which provides that where, from any cause, the day of execution passes, a new day shall be fixed by the Circuit Court of the county in which the conviction was had. The proposition rests upon a denial of any power to respite in the Chief Executive; and that the Governor possesses such power is, we think, undeniable. He has the unlimited and unrestricted power to pardon, and upon the principle that the greater includes the less must be held to have authority to postpone the execution of a sentence while engaged in a consideration of the question of exercising the pardoning power.

Such has been the unquestioned practical construction of our several Constitutions since the creation of the State, and such, we believe, the general rule in other States having similar Constitutions.

The power to respite necessarily carries with it the power to fix another and later day for the execution of the death sentence, since the respite is nothing more than a suspension

of the sentence until its own expiration. The subsequent execution takes place not by virtue of a new sentence, but by reason of the expiration of the temporary suspension of the original sentence which was caused by the respite.

Some question is raised as to the proper county in which the execution in this case should take place, in view of the fact that the murder was committed in Yalobusha County, while the trial and conviction took place by change of venue in Calhoun.

The county in which the conviction was had is the one in which the death penalty should be inflicted, nor is this changed by the fact that at this time the convict is actually lodged for safe-keeping in Yalobusha.

Sect. 3092 of Code of 1880 directs that the execution shall take place in the jail-yard where the convict is confined, and this means the jail in which he was either really or constructively confined at the time of conviction, and this must, of course, always be in the county where he is tried.

During the pendency of these *habeas corpus* proceedings the Governor has again respited the relator. The execution will take place upon the expiration of that respite.

Affirmed.