## WESTLEY WHITTEN v. THE STATE.

1. CRIMINAL LAW. *Trial. Illegal discharge of jury. Former jeopardy.*
   In a trial for murder, the submission of the case to a lawfully impaneled jury and the subsequent willful or illegal dismissal of that jury before verdict found constitutes former jeopardy, and the prisoner is entitled to a final discharge.

2. SAME. *Dismissal of jury before verdict. What will justify. Former jeopardy.*
   Where, upon the trial of a criminal case, the dismissal of the jury before verdict found is compelled by some physical or legal necessity, such as the death or sickness of a juror, or their failure to agree after sufficient deliberation or the legal termination of the term, such dismissal is legal, and a plea of former jeopardy will not be sustained.

3. SAME. *Discharge of jury because of disagreement. Time allowed for deliberation. When not sufficient.*
   In a prosecution for murder, the jury, after deliberating three hours and a half, failed to agree, and it was dismissed by the judge without the consent of accused. *Held,* that length of time allowed for deliberation was not sufficient, and the judge was not authorized in dismissing the jury.

4. CRIMINAL LAW.   *Section* 2292, *Code* 1880, *construed.*

Where, in a prosecution for murder, the case has been submitted to the jury, the judge has no right to discharge that jury before it has returned a verdict upon the grounds only that the time for closing the term had, by law, arrived, and that by law he was required to hold court elsewhere, in view of § 2292, Code 1880.

5. SAME.   *Section* 2292, *Code* 1880.   *Word "may" therein construed.*

The word "may" in the statute above referred to is mandatory, and not directory.

6. SAME.   *Practice in supreme court.*   *Errors in ruling of lower court.*   *Section* 1433, *Code* 1880, *construed.*

Where the lower court has made erroneous rulings, the party in whose favor the rulings were made is not required by § 1433 of the Code of 1880 to except thereto before he can take advantage of them on appeal to this court.

APPEAL from the Circuit Court of Panola County, Second District.

HON. A. T. ROANE, Judge.

The facts are stated in the opinion.

*E. Mayes,* for the appellant, argued orally and in writing.

The accused should be discharged, because of the discharge of the jury which tried him at the May term, 1883, without their having found a verdict. Const. of Miss., art. 1, sec. 5. That discharge is sought to be excused on the plea of *necessity,* and the necessity is sought to be made out by two processes, first, the jury were unable to agree; second, the term of the court had drawn to a close without verdict found. Neither excuse is good.

1. The court had not the right, under the circumstances of this case, to discharge the jury because of disagreement. It was a judicial mistake, and entitles the prisoner to his discharge. As observed by this court in *Finch* v. *State,* 53 Miss. 363, " the result " may be " deplorable, but the law must be maintained, whatever the consequences to be regretted in a particular case." Whether the inability of the jury to agree is *per se* a " necessity " that will justify their discharge is a vexed question. There are three distinct lines of decisions: First, one line holds that the discharge is wholly within the discretion of the judge, and that no

appeal lies from his decision refusing to discharge the prisoner on the ground of former jeopardy. To this class belong cases in the Supreme Court of the United States, in the Circuit Courts of the United States, in New York, in Massachusetts, and in Texas ; also the English cases, the *earlier* Kentucky cases, the earlier California cases, even so late as 27th Cal. But *all these cases rest on the proposition for their major premises, that there is no jeopardy until verdict.* That premise has been contradicted in this State. *Teat* v. *State*, 53 Miss. 439. Second, another line holds flatly that the inability to agree, even when judicially ascertained, is no ground for dismissing the jury, and if discharged for that reason the prisoner is acquitted. The following are some of this class : *State* v. *Ephiam*, 2 Dev. & Bat. 162 ; *Williams* v. *Commonwealth*, 2 Gratt. 567 ; *Commonwealth* v. *Clue*, 3 Rawle 498 ; *Commonwealth* v. *Cook*, 2 Searg. & Rawle 577 ; *United States* v. *Haskell*, 4 Wash. C. C. 402 ; *Mohola* v. *State*, 10 Yerger 532 ; *Ned* v. *State*, 7 Port. 187 ; *Ex parte Vincent*, 43 Ala. 402 ; *Crookhom* v. *State*, 5 W. Va. 510 ; *State* v. *Alman*, 64 N. C. 365. Third. The third line holds that when a reasonable length of time has been allowed the jury for deliberation and their disagreement judicially ascertained, the court may discharge them and hold the prisoner for further trial. *State* v. *Woodruff*, 2 Day 564 ; *State* v. *Updike*, 4 Har. (Del.) 581 ; *Shaffer* v. *State*, 27 Ind. 131 ; *People* v. *Olcott*, 2 Johnson's Cases 301 ; *State* v. *Nelson*, 26 Ind. 366 ; *State* v. *Walker*, 26 Ind. 346 ; *State* v. *Vaughan*, 39 Iowa 286 ; *Williford* v. *State*, 23 Ga. 1 ; *State* v. *Pool*, 4 La. 363 ; *Ex parte McLaughlin*, 41 Cal. 211 ; *Barrett* v. *State*, 35 Ala. 406 ; *Lester* v. *State*, 33 Ga. 327 ; *Dobbins* v. *State*, 14 Ohio St. 493. In the case at bar the time allowed for deliberation was not sufficient. In none of the cases above cited was less than seventeen hours deemed reasonable.

2. Had the court the right to discharge the jury because it was near twelve o'clock of the Saturday night of the second week, or, as the record puts it (incorrectly), because " the term of court had expired " ? Clearly, he had not. Unquestionably, before the Code of 1880 was adopted, such would have been the case. *Josephine's*

*Case, supra*, settles that, among other things. But since the Code of 1880 went into force, the rule is different. Section 2292 was obviously passed for the very purpose of preventing such forced disbandments of juries and consequent mistrials. The word "may" is used in this statute. His Honor below claimed that this left it discretionary with him whether he would hold over or not. I submit that such is not the law. The statute was passed to meet a great public want and to remedy a frequent and great evil. In no case could the enforcement of it be more important than on the trial of a capital felony. The judge can have no discretion, because such discretion would be a commitment to his hands of the power to deprive the prisoner of two rights secured by the constitution—first, the right to have a speedy trial; secondly, the right when once put in jeopardy to have a verdict of the jury rendered unless prevented by some *overpowering necessity*. To say that it is discretionary with the judge is to admit the absence of necessity, and that the *necessity* must exist all the authorities cited in classes two and three above are agreed, the point of difference between them being as to what constitutes a necessity. *Cessat ratio, cessat lex.* In such cases the word "may" in a statute means "must" or "shall." Dwarris on Statutes 712; *Blake* v. *P. & C. R. R. Co.*, 39 N. H. 435; *Supervisors* v. *U. S.*, 4 Wall. 435. But the principle is thumb-paper law. But we are not left to argue out the question on principle alone, the precise point has been settled. *State* v. *McGimpsey*, 60 N. C. 377; *Wright* v. *State*, 5 Port. (Ind.) 290.

*J. L. Harris*, for the State, argued orally and in writing.

The only point I consider material is that raised by the plea of former jeopardy and the judgment overruling it. The jury were discharged on the former trial because they reported on oath, after three hours' deliberation, that they could not agree, and because the term of the court was about to close by limitation of law. It is well-nigh universally held that a jury may be discharged in criminal cases without the consent of the accused, because of their inability to agree, and the propriety of doing so under the particular circumstances cannot be reviewed. 1 Bishop's Crim. Law, § 1034 *et seq.; People* v. *Green*, 13 Wend. 55; *U. S.*

v. *Perez*, 9 Wheat. 579 ; *People* v. *Alcott*, 2 Johns. Cas. 301 ; *Newton's Case*, 13 Q. B. 716 ; 13 Jur. 606 ; 18 Law J. N. S. M. C. 201 ; *State* v. *Brooks*, 3 Humph. 70. But when it is remembered that the term of the court was within a few moments of closing, the correctness of his decision becomes conclusive. 1 Bishop, § 1831 ; *State* v. *McLemore*, 2 Hill S. C. 680 ; *State* v. *Battle*, 7 Ala. 259 ; *Love* v. *The State*, 4 Ala. 173 ; *Ned* v. *The State*, 7 Port. 187 ; *Wright* v. *State*, 5 Ind. 290 ; *State* v. *Moor*, 1 Walker 134 ; *Commonwealth* v. *Thompson*, 1 Va. Cas. 319 ; *State* v. *Brooks*, 3 Humph. 70 ; *Powell* v. *The State*, 19 Ala. 577. I contend that § 2292, Code of 1880, vests the judge with a sound discretion, to be exercised as the exigencies of the public service, the circumstances of the particular case, and all the surroundings, together with the rights of the parties, may direct. I appreciate the force of the rule that where the rights of third persons are involved, the word " may " when used with reference to judicial proceedings becomes mandatory, but to this rule there are many exceptions, some of which will be found in the cases cited below. *Ex parte Yerger*, 11 Grattan 655 ; *Commonwealth* v. *Haynes*, 107 Mass. 194, 197 ; *Leigh* v. *Westervelt*, 2 Duer. 618 ; *Bowers* v. *Sonoma*, 32 Cal. 66 ; *People* v. *Brooks*, 1 Denio 457. It should be received in its primary sense where nothing affirmatively appears in the matter of the statute indicating the other construction. *Fowler* v. *Perkins*, 77 Ill. 271. To this rule there is also the exception that the word is mandatory only when used to *enforce*, not *create*, rights. *State* v. *Holt Co. Court*, 39 Miss. 521 ; *Ex parte Banks*, 28 Ala. 28 ; *York Railway* v. *Reg.*, 1 Ellis & B. 858 ; *Stead* v. *Carey*, 1 C. B. 496. The intention of the legislature is always to prevail. 9 Port. 390 ; 5 Johns. Ch. 101. If the word " may " is mandatory in the statute we are considering in felonies, it is equally mandatory in the pettiest misdemeanors ; if it is mandatory in civil causes involving large interests, it is equally mandatory in the most trivial and unimportant cases. But the State does not rest the case here. Whatever view the court may take of the questions above discussed, an affirmance must be had because defendant did not except to the discharge of the jury in the court below and cannot raise the objection for the first

46

time here. *Phillips* v. *The State*, 57 Miss. 357 ; *Spivey* v. *The State*, 58 Miss. 743 ; *Flemming* v. *The State*, 60 Miss. 910. That the constitutional privilege may be waived has always been maintained. Thomp. and Mer. on Juries, § 312 ; 1 Bishop Crim. Law, § 998.

CHALMERS, J., delivered the opinion of the court.

In September, 1883, Whitten was tried in Second District of Panola County for murder. The jury retired to consider of their verdict at eight-and-a-half or nine o'clock at night on the last day of the term. About twelve o'clock the court sent for the jury, and after polling them ascertained that they could not agree and were not likely to do so. Thereupon it discharged them, the defendant neither consenting nor objecting to such action, so far as the record shows, and court was adjourned *sine die* at twelve o'clock P. M. Being arraigned again for the same offense at the next term of the court, defendant pleaded the above facts and claimed to be forever acquitted and discharged, because the record showed that he had been once in jeopardy, and the jury having been discharged without his consent he could not be again tried for the same offense. The case depends upon the question whether the court had a legal right to discharge the jury. Whatever doubt may exist in other States, it is well settled here that submission to a lawfully impaneled jury and a subsequent willful or unlawful dismissal of that jury constitutes former jeopardy and entitles the party to a final discharge. It is equally well settled that this effect will not follow when the discharge of the jury is compelled by a physical or legal necessity, as by the death or sickness of a juror, by the failure of the jury to agree after full and sufficient deliberation, or by the legal termination of the term. Some such necessity, however, must compel the discharge, in order to make it permissible ; and up to the adoption of the Code of 1880 the court could order a discharge upon the ground that the time for closing the term had by law arrived. *Josephine's Case*, 39 Miss. 613 ; *Teat's Case*, 53 Miss. 439.

Such was the law until the adoption of the Code of 1880. Section 2292 of that code is as follows : " When the trial or hearing

of any case, civil or criminal, has been commenced and is in progress in any court, and the time for the expiration of the term as prescribed by law shall arrive, the court may proceed with such trial or hearing and·bring it to a conclusion in the same manner and with the same effect as if the stated term had not expired."

By this section there can be no ending of a term when a trial has been entered upon and is not completed, or at least there can never be any necessity for such ending, because the court, being empowered to continue the term, may do so at its own pleasure.

But the power to dismiss a jury in prosecutions for a felony can never depend on pleasure. Such power is wholly dependent on necessity either physical or legal. Where there is no necessity there is no power. Such unquestionably are our adjudications. It is a contradiction in terms, therefore, to say that the power of continuing the term is optional with the judge. The trial being begun and the jeopardy encountered, any dismissal of the jury is arbitrary which is not compelled by necessity. If the court may continue at the pleasure of the judge, it is idle to say that necessity compels the discharge of the jury pending the trial on the ground only that the law speaks of a court being held elsewhere.

Court is never obliged to·meet elsewhere so long as a trial is progressing where it then is.

Whenever the court *may* prolong a term it *must* do so, since the prisoner by his silence consents to nothing.

Such are the decisions in the only cases which we find where the direct question has arisen under statutes nearly similar to our own. *Wright* ,v. *State*, 5 Porter (Ind.) 290 ; *State* v. *McGimpsey*, 60 N. C. 337.

We must therefore find some other necessity for the discharge than that afforded by the apparent conclusion of the term. None is suggested save the fact that the jury had been out three and a half hours and reported that they could not agree. Undoubtedly the inability of a jury to agree after sufficient deliberation warrants a discharge, but we have found no case where, upon a charge of felony, a deliberation of this length of time was sufficient to authorize a dismissal. The time required varies, and is, of course, largely in the

discretion of the trial judge, but we do not believe that in this case, where the trial was for murder and the testimony voluminous and conflicting, three and a half hours were sufficient. We have found no case in which such length of time was deemed sufficient, and it is evident that it would not have been so treated here had not the court been as was supposed about to adjourn. In brief, the principle is that some physical or legal necessity must exist for discharging the jury, and there was in this case no such necessity.

The fact alluded to by counsel for the State, that the statute makes no difference between civil and criminal cases, is not important, because in civil cases, where the principle of former jeopardy does not exist, the case is never at an end until there has been final verdict and judgment. Neither can a decision of the case be avoided upon the ground that no point was made on it in the court below under § 1433 of Code of 1880, discussed in *Phillips' Case,* 57 Miss. 357 ; *Flemming's Case,* 60 Miss. 910, and in other cases.

Those cases have bearing only where the attempt is to obtain a reversal here upon some ruling, omission, or defect adverse to the prisoner in the lower court. It could never have been intended that a man should have excepted in the court below to something obviously for his own benefit. He did in fact object and except before he was arraigned and placed on trial for the same offense at the next term, which was as soon as he was called upon to do so.

The minute the jury was discharged the prisoner was discharged also, and it cannot be that a prisoner must except in the lower court to his own discharge. He simply receives in silence the benefit which the court voluntarily bestows upon him, as shown by the record.

The law was substantially the same when *French's Case,* 53 Miss. 363, occurred, and yet there the prisoner was discharged. So he must be here.