20  139.
31   77
31  283

## [No. 1828.]

### RAFAEL PIZAÑO v. THE STATE.

1. PRACTICE — JEOPARDY — BILL OF EXCEPTIONS.— It is not essential to the sufficiency of a plea of former jeopardy that a record of the proceedings on the former trial shall be perpetuated by a bill of exceptions.
2. SAME.— FORMER JEOPARDY is a constitutional and not a statutory defense to crime, and although the plea of former jeopardy is not one known to the statutory law of this State, and has no place assigned it in the regular order of pleading, it is a plea available to an accused, under the provision of the Constitution, and may be interposed even after the jury has been impaneled, and the plea of not guilty entered.   The trial court, therefore, erred in striking out the defendant's plea of former jeopardy in this case, upon the ground that, being filed after the jury was impaneled and the plea of not guilty entered, it was filed too late.
3. JEOPARDY — CASE APPROVED.— A definition of jeopardy to which this court adheres was announced in Powell's case, 17 Texas Ct. App., 345, as follows: "When a person has been placed upon his trial upon a valid indictment for an offense involving life or liberty, in a competent court, and a competent jury has been impaneled, sworn and charged with his case, he is 'put in jeopardy' within the meaning of the constitutional provision, and from a repetition thereof upon the same indictment, or upon any other indictment for the same offense, this constitutional shield forever protects him.   Wherefore, after jeopardy has once so attached, if without lawful authority the trial court discharges the jury without his consent and before verdict, he cannot legally be again tried for the same offense."   See the opinion *in extenso* on the question.
4. SAME — PRACTICE — CONTINUANCE — JURY LAW.— Article 568 of the Code of Criminal Procedure provides that "a continuance may be granted on application of the State or defendant after the trial has commenced, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial commenced, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had; or the trial may be postponed to a subsequent day of the term."

*Held,* that it is not contemplated by the said article that, in case of postponement of the trial, after the jury was impaneled, the court had also the right to discharge the jury; nor would it have such right even in the case of a continuance for the term, except upon a clear showing of necessity.

5. Jeopardy — Case Stated. — This case was originally reached and called on the 23d day of October, 1885, when both the State and the defendant announced ready for trial. A jury was legally impaneled and sworn, the indictment was read to them and the defendant entered his plea of "not guilty." Thereupon the State's attorney, upon the ground that he had announced ready upon the incorrect information of the sheriff that the principal prosecuting witnesses were in court, moved the court to postpone the trial to a future day of the term, and discharge the jury, to which motion the defendant objected that he was already upon trial, and was in jeopardy. The court overruled the objection, discharged the jury and postponed the trial. *Held,* that the defendant was in jeopardy, and his plea of former jeopardy, interposed at the subsequent day when he was placed upon trial before another jury, should have prevailed. See the opinion *in extenso* on the question.

Appeal from the District Court of Cameron. Tried below before the Hon. J. C. Russell.

The conviction in this case, supplemented by a penalty of two years in the penitentiary, was for unlawfully branding a calf, not his own, without the consent of, and with the intent to defraud, the owner. The disposition of the case necessitates no statement of the facts proved.

*W. A. Crafts,* for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

White, Presiding Judge. Appellant was convicted in the lower court and given two years in the penitentiary upon a prosecution for illegally branding a calf. A decision of one question will dispose of the case on this appeal. This question is presented by appellant's first bill of exceptions, which, after stating the case, is as follows, viz.:

"Be it remembered that upon the trial of this cause the following proceedings were had: On this 23d day of October, 1885, this cause being regularly reached and duly called for trial, came the State by the district attorney and the defendant in person and by his counsel, and, both parties having announced ready for trial, came also a jury of twelve good and lawful men of Cameron county, to wit, John Notus and eleven others, who were duly impaneled, tried and sworn according to law; and thereupon the indictment against the defend-

ant herein was duly read to the jury and the defendant required to plead thereto, and thereupon he, the defendant, pleaded not guilty; and thereafter the district attorney moved the court to postpone the trial of this cause to another day of this term, and discharge the jury from the further consideration thereof; to which defendant objected, because he was already on trial and in jeopardy, which objection the court overruled; and the court then granted the postponement of this cause and discharged the jury from all further consideration thereof; to which ruling and action of the court the defendant duly excepted in open court at the time the same was made and done, and, time therefor being allowed, this bill embodying such exception is now prepared and presented in open court for allowance, and after having been duly submitted to counsel for the State it is allowed, signed and ordered to be made a part of the record of this cause. So done and ordered in open court on this the 23d day of October, 1885, with the following explanation (viz., that) the district attorney having discovered that his material witness without whom he could not proceed was absent, and having announced for trial under the belief such witness was present in court, having been so informed by the sheriff.

   (Signed)        "J. C. RUSSELL,
             "Judge 28th Jud. District."

This exception, it will be noticed, was reserved to the action of the court upon the first trial. As a precautionary measure, in order to perpetuate the facts, it was perhaps well enough that the exception was then saved, but a saving of such bill at that time was by no means an essential requisite to the right to plead and establish jeopardy in a subsequent trial. For, as was said by the supreme court of Mississippi, where such exception had not been taken on the first trial: "It could never have been intended that a man should have excepted in the court below to something obviously for his own benefit. He did object . . . when placed upon trial for the same offense at the next term, which was as soon as he was called upon to do so." ( *Whitten* v. *The State,* 61 Miss., 717.)

Three days after the discharge of the jury and postponement of the case, it was again called for trial and a new jury impaneled, when the defendant pleaded not guilty and former jeopardy. On motion of the district attorney the plea of former jeopardy was stricken out because filed after the impaneling of the jury and the entering of a plea of not guilty by the defendant. Now, our Code of Criminal Procedure is entirely silent and makes no mention of such a plea as that of " former jeopardy," and yet it is expressly

declared by our Constitution, in the fourteenth section of the Bill of Rights, that "no person for the same offense shall be twice put in jeopardy of life or liberty." No time or order of pleading is anywhere provided for this plea, and yet will any one claim that the silence of the Code or arbitrary rules with regard to other defenses can apply so as to render nugatory or defeat a right to such plea and defense. This court held otherwise in express terms in Blandford's case, 10 Texas Ct. App., 627. It is true that the discussion of this particular question in that case was *obiter dicta*, yet nevertheless the enunciations of the principle therein contained are sound propositions of law. We are of opinion that the court committed an error in holding that the plea was not filed at the proper time and in due order of pleading, and for that reason striking it out and depriving the defendant of the benefit of it.

The question then is, was the plea a good one in law? As to the facts there can be no question; they are fully stated in the bill of exceptions copied above. Was defendant in jeopardy when the case was first postponed and the jury discharged? If so, then he could not be placed in jeopardy a second time for the same offense, if the jury were improperly or illegally discharged.

What is a proper construction to be placed upon the term "jeopardy," as used in the Constitution, and what does it mean? This is fully explained in Powell's case, 17 Texas Ct. App., 345, wherein it was held that "when a person has been placed upon his trial upon a valid indictment for an offense involving life or liberty, in a competent court, and a competent jury has been impaneled, sworn and charged with his case, he is 'put in jeopardy' within the meaning of the said constitutional provision, and from a repetition thereof upon the same indictment, or upon any other indictment for the same offense, this constitutional shield forever protects him. Wherefore, after jeopardy has once so attached, if without lawful authority the trial court discharges the jury without his consent, and before verdict, he cannot legally be tried again for the same offense." Most of the leading authorities may be found collated in the two opinions in Powell's case. Since the decision of that case we have had access to several decisions rendered in other States subsequently; to which we will refer.

In *Whitten* v. *The State*, 61 Miss., 717 [decided in 1884], where the jury were discharged by the court over objection of defendant for failing to agree in a murder case when the jury had only been out considering the case three and a half hours the (same length of time as in the Powell case), the court say, "but we have found no

case where upon a charge of felony a deliberation of this length of time was sufficient to authórize a dismissal " (of the jury). In that case it is also said: " But the power to dismiss a jury in pros-· ecutions for a felony can never depend upon pleasure. Such power is wholly dependent upon necessity either physical or legal. Where there is no necessity there is no power. Such unquestionably are our adjudications;" and in conclusion the court hold that in a trial for murder the submission of the case to a lawfully impaneled jury, and the subsequent wilful or illegal dismissal of that jury before verdict found, constitute former jeopardy and the prisoner is entitled to a final discharge.

In *Adams* v. *The State,* 99 Ind., 244, decided in 1884, it is said, "it is also well settled that when the ordinary forms of law have been complied with jeopardy attaches when the jury are sworn. (1 Bishop, Cr. L., § 1014; 1 Bishop, Crim. Proc., § 661; *Maden* v. *Emmons,* 83 Ind., 331.) When jeopardy has begun and the jury are unnecessarily discharged without the consent of the prisoner, such a discharge of the jury is the equivalent of an acquittal, and the prisoner thereby becomes entitled to exemption from further prosecution for the same offense." (*Wright* v. *The State,* 5 Ind., 290; *Wright* v. *The State,* 7 Ind., 324.) In that case it was held, "if after a jury is impaneled and sworn it be disclosed that a juror is incompetent because not a freeholder or householder, and the accused declines to object to the juror, and thereupon the court of its own motion discharged the jury, the accused has been once in jeopardy and should be released." (See same case reported in 4 Amer. Crim. Rep., 309.)

In *Whitmore* v. *The State,* 43 Ark., 271, it is held that "a prisoner is in jeopardy from the time that the jury is impaneled and sworn in a court of competent jurisdiction, upon an indictment sufficient in form and substance to sustain a conviction, and the entry of a *nolle prosequi* or discharge of a juror after that, without his consent, operates as an acquittal except in cases of overruling necessity, as the death or illness of the judge or a juror."

*Mitchell* v. *The State,* 42 Ohio Rep., 383, decided in 1884, is one of the ablest and most elaborate opinions of recent date upon former jeopardy. Upon the point under consideration it is said, "nothing is more clearly settled than that the jeopardy attaches the moment the jury is sworn, and that, if the jury be thereafter discharged without a verdict where no legal ground of discharge is shown, the effect will be precisely the same as if a verdict of acquittal had been rendered." (Citing 6 Ohio, 399; 14 Ohio, 295;

3 Ohio St., 230; 12 Ohio St., 214; 14 Ohio St., 493; 15 Ohio St., 155; 24 Ohio St., 134; 1 Bish. Cr. L., §§ 1015, 1016.)

In *The People* v. *Dolan*, 51 Mich., 610, it was held that "after the jury in a criminal case was sworn, the prosecuting attorney having been allowed a peremptory challenge and a new juror being chosen and the jury again sworn, that so long as the jury first sworn was not legally discharged there could not be two juries sworn to try the same case, and a conviction by the latter jury was set aside and the prisoner discharged." (*S. C.*, 4 Amer. Crim. Rep., 308.) These are the latest expressions from the various courts which we have seen published upon the subject.

Now, how stands the case at bar in the light of these authorities? Was there any necessity for the discharge of the first jury impaneled in this case, and was the discharge a legal one?

The ground of discharge was that the principal State's witness, and without whom the State could not make out her case, was absent, and the prosecution was taken by surprise, the announcement of ready having been based upon information from the sheriff that said witness was present. Our statute provides that "a continuance may be granted on application of the State or defendant after the trial has commenced, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial commenced, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had; or the trial may be postponed to a subsequent day of the term." (Code Crim. Proc., art. 568.)

Waiving the question as to whether the facts stated showed an "unexpected occurrence which no reasonable diligence could have anticipated," we are of opinion that the statute never could have contemplated that the jury impaneled should be discharged when the case was simply postponed to a subsequent day of the term, or that it should be discharged even in case of a continuance for the term, except upon the clearest showing of a necessity therefor. To hold that such could be done would be to make the statute contravene and render nugatory the constitutional guaranty against jeopardy.

In this case, when the postponement was granted, the jury should have been kept together in charge of an officer until the witness could be brought into court and the trial renewed. The witness was a resident of the county in which the trial was progressing; the postponement was only for three days. Proper diligence on the part of officers could doubtless have had him in court in a few hours. Most clearly to our minds there was no necessity for a

discharge of the jury; and the discharge under the circumstances detailed in the bill of exceptions was equivalent to a verdict of acquittal of the prisoner, and constituted such jeopardy under the constitutional provision as that he could not again be subjected to a second trial for the same offense.

The judgment of the court below is reversed, and the appellant will be discharged from further liability under the indictment, and the prosecution against him is dismissed.

*Reversed and dismissed.*

[Opinion delivered January 13, 1886.]