### BROWN v. THE STATE.

ATKINSON, J. 1. In a criminal case a motion for a new trial is an available remedy to the defendant for setting aside the verdict on the ground that it was received during the authorized absence of his sole

counsel. *Frank* v. *State*, 142 *Ga.* 741 (2), 751 (83 S. E. 645, L. R. A. 1915D, 817). In this State there is no rule of practice or other provision of law for setting aside a verdict on such ground, except by a motion for new trial.

(a) The statement by Warner, Chief Justice, in *Nolan* v. *State*, 53 *Ga.* 137, 138, to the effect that a motion to set aside a verdict in a criminal case would be an available remedy to the defendant for attacking the verdict on the ground that it was received during the absence of himself and his counsel, was obiter dictum. *Frank* v. *State*, supra.

(b) In *Silvey* v. *State*, 71 *Ga.* 553, it was held that the trial judge erred in refusing a motion to set aside a verdict on the ground of misconduct of the jury, and the judgment was reversed. No point was made as to the appropriateness of the remedy, and the court did not rule upon that question. The decision, therefore, was merely a physical precedent, and does not establish a rule of practice.

2. The judge did not err in overruling the motion to set aside the verdict and to discharge the accused.

*Judgment affirmed. All the Justices concur.*

No. 1755. SEPTEMBER 30, 1920.

Indictment for murder. Before Judge Walker. Warren superior court. November 5, 1919.

*L. D. McGregor*, for plaintiff in error.

*Clifford Walker*, attorney-general, *R. C. Norman*, solicitor-general, and *M. C. Bennet*, contra.