(No. 15070.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PETER KRAKOWSKI, Plaintiff in Error.

*Opinion filed April 18, 1923—Rehearing denied June 7, 1923.*

1. CRIMINAL LAW—*when record sufficiently shows defendant was present when verdict was received.* The common law record showing that the defendant, "as well in his own proper person as by his counsel," was present on the second day of his trial, which lasted two days, is sufficient to show that the defendant was present when the verdict was received although it shows that the judge presiding when the verdict was brought in was not the judge before whom the defendant made his appearance on that day, where the record also shows that on the same day, after the return of the verdict, counsel for the defendant moved for a new trial. (*Sewell* v. *People,* 189 Ill. 174, followed.)

2. SAME—*written instructions may be waived.* In both civil and criminal cases the giving of written instructions may be waived by the parties to the litigation and the court may instruct the jury orally, and when so waived the question as to the statute requiring written instructions cannot be raised on review in the Supreme Court.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

W. G. ANDERSON, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and GEORGE C. DIXON, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error was indicted in the criminal court of Cook county and on a trial by a jury was found guilty of the crime of rape, and thereafter judgment was entered according to law for said crime. The case has been brought here by writ of error to reverse that judgment, the argument being based upon the common law record, alone.

It is first urged that the record fails to show that plaintiff in error was personally present in court when the jury returned the verdict. The common law record shows that on June 29, 1922, before Judge Harry M. Fisher, issue was joined and a jury empaneled and sworn, who heard the testimony of witnesses, the defendant in his own proper person and by counsel being present, and that further consideration of the cause was postponed until nine o'clock the following morning. The record further shows that the case was taken up June 30 before Judge Fisher, "and the said defendant, as well in his own proper person as by his counsel, also comes;" that the jury heard the arguments of counsel and were given the instructions by the court and retired. The record of that day's proceedings then states that the jury "afterwards return into open court and for their verdict say, Hon. Judge Michael L. McKinley presiding: We, the jury, find the defendant, Peter Krakowski, guilty of rape in manner and form as charged in the indictment, and we fix his punishment at imprisonment in the

penitentiary for the term of one year." The record also shows that on the same day, after the return of the verdict, counsel for plaintiff in error moved for a new trial, which motion was continued and set for a hearing on July 7, 1922, and afterward overruled.

Counsel for plaintiff in error argues that the record does not show for what reason the verdict was returned before Judge McKinley rather than Judge Fisher. While he does not seriously contend that the record was at such fault as to justify a reversal because the verdict was returned before Judge McKinley, he does argue earnestly that the record does not show affirmatively that plaintiff in error was personally present in court at the time the verdict was received before Judge McKinley, and therefore reversible error was committed on that account. In *Sewell* v. *People,* 189 Ill. 174, it was said (p. 175) that "if the presence of the prisoner in court can by fair intendment be collected from the entire record, that is sufficient." And it was further stated on the same page, after citing authorities: "In the case of *Schirmer* v. *People,* 33 Ill. 276, which was an indictment for murder, the record showed no interval between the arraignment of the prisoner, the trial, verdict and judgment. The whole proceeding appeared to have been completed within two successive days and in continuous order. It was held upon such record that the presence of the defendant during the whole proceeding, down to the moment sentence was passed upon him, was a matter which might fairly be implied." It is clear from the record before us in the present case that the trial up to the time the verdict was received was all completed within two successive days, and the reasoning in *Sewell* v. *People, supra,* applies in exact terms to the present case. Under the reasoning of that case and the authorities there cited, on this record the conclusion necessarily follows that plaintiff in error was present when the verdict was received before Judge McKinley in the criminal court, and that therefore the cause should

not be reversed on the point urged by counsel for plaintiff in error.

It is also urged the judgment should be reversed because the record shows that the trial judge instructed the jury orally. The record shows that he so instructed the jury orally by the express consent and agreement of the State's attorney and of the defendant and his counsel, in open court. This court has held more than once, both in civil and criminal cases, that the giving of written instructions may be waived by the parties to the litigation. In *Bruen* v. *People,* 206 Ill. 417, where there had been a conviction for burglary, this court said (p. 425) : "By stipulation the court was authorized to instruct the jury orally, and did instruct them orally. We have held that while the statute requires instructions to be given in writing, the requirement is one which may be waived by the parties, and that where they have consented they are bound by such consent and waiver. Where the record shows that the court instructed the jury orally by the express consent and agreement of the State's attorney and defendant and his counsel, made in open court at the trial, the defendant cannot complain of the fact that the instructions were oral, when the case is brought up for review by writ of error." The same rule was laid down by this court in *Bates* v. *Ball,* 72 Ill. 108, *Williams* v. *People,* 164 id. 481, and *Cutter* v. *People,* 184 id. 395. This rule has received the approval of text writers in construing statutes with provisions similar to those of Illinois requiring written instructions. (11 Ency. of Pl. & Pr. 265; 2 Thompson on Trials, sec. 2378.)

It is not contended by counsel for plaintiff in error that the State's attorney and plaintiff in error and his counsel on the trial in the criminal court did not consent to the instructions being given orally, but it is argued that under our statute neither party has the right to waive the requirement as to giving the instructions in writing. It is manifest under the authorities, not only in this but in other

jurisdictions, that counsel for plaintiff in error is in error on this point and that the giving of instructions in writing may be waived by the defendant and his counsel, as was done in this case, and that when so waived the question cannot thereafter be raised on review in the higher courts.

We find no error in the record, and the judgment of the criminal court will be affirmed.    *Judgment affirmed.*