## 25123. CRYMES *v.* THE STATE.

DECIDED NOVEMBER 27, 1935.

*Etheridge, Belser, Etheridge & Etheridge,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GUERRY, J. 1. The defendant was convicted of involuntary manslaughter. He filed a motion to vacate and set aside the ver-dict, and to discharge him. This motion was based on the com-plaint that neither he nor his sole counsel was present at the recep-tion of the verdict, and that his right in this respect had not been waived. It appeared that when the jury retired to make a ver-dict another case was called for trial. When that trial was com-pleted (it being time for the court to adjourn for the day), it was agreed by the attorneys in this last-mentioned case that an "open verdict" be received. In other words, it was agreed that the ver-dict be received by the clerk in the absence of the parties and the judge. The court then desired to know if the same agreement could be reached in reference to the defendant's case. The clerk

thereupon called to the attention of the court the fact that Mr. Laney, an attorney, was with the defendant, and the court inquired of Mr. Laney if he would agree to an open verdict, to which he answered, "Sure, sure." Now it appeared that Mr. Paul S. Etheridge was the sole employed counsel for the defendant, and that at the time this agreement was made Mr. Etheridge was voluntarily absent from the court. However, Mr. Laney, who was an uncle of the defendant, had sat with Mr. Etheridge throughout the trial and conferred with Mr. Etheridge from time to time during the examination of the witnesses, although he declined, at Mr. Etheridge's request, to associate himself in the case or argue it. It was from these facts that the court concluded that Laney was of counsel and allowed him to agree to an "open verdict" for defendant. On the question whether the defendant was present in the court-room and in hearing distance of Mr. Laney when he made the agreement for him, the evidence conflicted. The judge refused to sustain the motion to vacate and set aside the judgment, on the ground that the defendant was present at the time, but, without a motion therefor, granted a new trial on the ground that the defendant had not waived the presence of his sole counsel. The defendant excepted to the refusal of the trial judge to vacate and set aside the verdict, and to the grant of a new trial without a motion therefor.

1. The court as a trior of fact was certainly authorized to find that the defendant was present and heard the agreement made by Mr. Laney with the court. Under the circumstances that Mr. Laney was a well-known practicing attorney and was the uncle of the defendant, had been present all through the trial and had helped strike the jury, had sat with the defendant and his counsel, Mr. Etheridge, and had advised with them during the progress of the trial, an agreement by him in the presence and hearing of the defendant, waiving the necessity of the defendant's and the court's presence at the reception of the verdict, was in effect a waiver by the defendant, and he should not thereafter be heard to say that he did not agree thereto. Certainly, if Mr. Laney was his counsel, there could be no question that such an agreement made by him in the presence of the defendant was binding on him and would have amounted to a waiver. *Cawthon* v. *State,* 119 *Ga.* 395 (46 S. E. 897); *Hill* v. *State,* 118 *Ga.* 21 (44 S.

E. 820); *Frank* v. *State*, 142 *Ga.* 741 (83 S. E. 645, L. R. A. 1915D, 817); *Martin* v. *State*, 43 *Ga. App.* 334 (158 S. E. 803).

However, it seems now well settled that a motion to set aside a verdict is not a proper remedy for the correction of such an error as is here complained of. It is true that in *Nolan* v. *State*, 53 *Ga.* 137, and *Lyons* v. *State*, 7 *Ga. App.* 50 (66 S. E. 149), language is used to the contrary. In the *Nolan* case it was said: "It was the legal right of the defendant to be present when the verdict was rendered; and had a motion to set aside such verdict been made on the ground of his absence, it should have been granted." In *Frank* v. *State*, 142 *Ga.* 741, 756 (supra), this language was declared to be obiter dictum. The court said: "But what was probably meant by a motion to set aside was in the sense of being a motion for a new trial, as such motions have been likened to motions in arrest and to set aside. See *Prescott* v. *Bennett*, 50 *Ga.* 266." The Supreme Court, in *Brown* v. *State*, 150 *Ga.* 585 (104 S. E. 428), adopted a rule contrary to the ruling of this court in *Lyons* v. *State*, supra. In the *Brown* case, it was said: "In a criminal case a motion for new trial is an available remedy to the defendant for setting aside the verdict on the ground that it was received during the absence of his sole counsel. In this State there is no rule of practice or other provision of law for setting aside a verdict on such ground, except by a motion for new trial." In *Hughes* v. *State*, 159 *Ga.* 818 (127 S. E. 109), the Supreme Court further held that the return of a verdict by the jury and its dispersal, in the absence of the defendant, could not be corrected by a motion to set aside the verdict, but only by motion for new trial. See also *Claughton* v. *State*, 179 *Ga.* 157 (175 S. E. 470). Therefore the *Lyons* case is not controlling authority. For this reason the judgment of the trial judge can not be held erroneous.

2. Can a trial judge grant the defendant a new trial in the absence of a motion on his part? Strange as it may seem, the defendant has objected to a new trial. Perhaps he feels that he is satisfied with the punishment meted out to him, and does not wish to take the chance of a more severe punishment. We think, in view of that provision of the constitution (Code of 1933, 2-108) which provides that "No person shall be put in jeopardy

of life, or liberty, more than once for the same offense, save on his or her own motion for a new trial after conviction, or in case of mistrial," and in view of the fact that the jury has inflicted on the defendant a lighter sentence than could be imposed for the crime of which he stands charged, and of the fact that the defendant has expressly denied any intention to apply for a new trial, we must hold that the judge erred in awarding him one. We therefore hold his exception good in this respect. It is ordered that that part of the judge's order granting a new trial be stricken, and that the defendant serve the sentence imposed on him by the jury.

Judgment affirmed, with direction. Broyles, C. J., and MacIntyre, J., concur.