(No. 35209.—▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* IRA NELSON, Plaintiff in Error.

*Opinion filed January 22, 1960.*

314

Robert S. Atkins, of Chicago, for plaintiff in error.

Grenville Beardsley, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley, and William W. Winterhoff, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Davis delivered the opinion of the court:

Ira Nelson and Willie Powers were found guilty of armed robbery by a jury in the criminal court of Cook County. Nelson's motion for a new trial was denied and he was sentenced to the penitentiary for a term of not less than 20 nor more than 35 years.

Nelson prosecuted a writ of error to review the judgment of the trial court and here contends that certain errors entitle him to a new trial, but that the returning of the verdict while he was involuntarily absent from court was of such serious nature as to require that the judgment be

reversed without remanding, or, in the alternative, that the judgment be reversed and the cause remanded with directions to order his discharge from further prosecution.

The record shows that after the court instructed the jury and submitted the case to it, the bailiffs were instructed to return the defendants to the "lock up;" and that the verdict of guilt was received in open court later the same day. However, there is nothing to affirmatively show that defendants were present at that time. After the verdict had been received and the jury discharged, the cause was adjourned to the following day at which time judgment and sentence were pronounced. The record indicates that defendants and their counsel were then present in court and that they were also present when the motion for new trial was made.

Nelson, hereafter referred to as defendant, contends that since the record fails to show, either affirmatively or by necessary implication, that he was present in court at the time the verdict was returned, the verdict was a nullity; and that his discharge from further prosecution under the constitutional safeguard against double jeopardy was thereby necessitated. Counsel for the People concede that it was error to receive the verdict in the absence of the defendant, but urge that the error is only ground for a new trial.

We have always recognized the right of a defendant in a felony case to be present at all stages of his trial, including the rendition and recording of the verdict of the jury. (*People* v. *Pierce,* 369 Ill. 172; *People* v. *Krakowski,* 308 Ill. 266; *Sewell* v. *People,* 189 Ill. 174; *Padfield* v. *People,* 146 Ill. 660; *Holliday* v. *People,* 4 Gilm. 111.) This view is in accord with the prevailing rule in other jurisdictions. Ann. 23 A.L.R.2d 456, 463.

There is no suggestion here that defendant by words or conduct waived his right to be present when the jury returned its verdict. Nor is there anything in the record

from which we might reasonably indulge in the presumption that his presence, once shown, had continued throughout the trial. The record, in fact, rebuts such presumption in that it affirmatively shows that defendant was returned to the jail after the jury had retired to deliberate and that he was not present in court thereafter until judgment was pronounced on the verdict. These facts are admitted and pose the question, heretofore undetermined by this court, of whether defendant should be discharged or his case reversed and the cause remanded for new trial.

The case nearest in point is *People* v. *Smith,* 6 Ill.2d 414. There the defendant was tried before the court without a jury and, although present at the earlier stages of his trial, he was not in court when judgment and sentence were pronounced against him and his post-trial motions were overruled. Upon review, we held that he had the right to be present at every stage of his trial, that it was reversible error to proceed with sentence and judgment in his absence unless the record showed "that his absence was voluntary or that he had waived his right to be present," and we remanded the cause for a new trial.

In *Smith,* the defendant did not contend that he was entitled to discharge or that a new trial would place him twice in jeopardy for the same offense. He asked for a new trial, and we held that he was entitled to that relief. While that decision is not dispositive of the question presented here, certain points of similarity should be noted. In each case, the accused was involuntarily absent from court when the finding of guilt was pronounced against him and by post-trial relief sought a new trial. Neither Smith nor the defendant in the case at bar sought to vacate the judgment on the ground that it was a nullity, and neither asserted the right to discharge in the trial court. The cases differ in that in *Smith* the trial judge decided the issues of fact leading to the ultimate pronouncement of guilt while in the case at bar the jury exercised that function.

The defendant Nelson, notwithstanding his request for a new trial in the criminal court, now urges this court to find that the verdict rendered against him in his absence was a nullity and that he should be discharged. He contends that the discharge of the jury before the return of a valid verdict determining his guilt or innocence placed him in jeopardy thereby necessitating his release from further prosecution.

Although there are some decisions to the contrary, the prevailing rule in other jurisdictions is that the receipt of a verdict in the involuntary absence of the accused, although improper, is ground only for a new trial and does not warrant discharge from further prosecution; and that such error cannot be reached by motion to set aside or vacate the verdict as a nullity. 14 Am. Jur., par. 198, pp. 904-905; 23 C.J.S., sec. 1450(e), p. 1214.

Thus, in *State* v. *Knutson,* 175 Minn. 573, 222 N.W. 277, defendant challenged the validity of a verdict, rendered in his absence, by a motion in the trial court that the verdict be set aside, and appealed from the order denying his motion. The Supreme Court, after noting that the error would have been ground for a new trial, at page 278 stated: "Should the misstep or irregularity in receiving the verdict in defendant's absence forever free and absolve him from all punishment for the crime he has committed? This would have been the result had his motion to set aside the verdict prevailed, or if the judgment is now reversed; for he could then successfully plead, as he intimates, former jeopardy, should the state thereafter attempt to hold him accountable for the crime. The consequence of a reversal of this judgment would be a miscarriage of justice."

In *Commonwealth* v. *Gabor,* 209 Pa. 201, 58 Atl. 278, the defendant was indicted for murder and the jury returned a verdict finding him guilty of manslaughter. This verdict was received in the absence of the defendant who moved for a discharge in the trial court. The motion was

denied but a new trial was ordered. On appeal the judgment was affirmed and the Supreme Court of Pennsylvania held that the order granting a new trial did not violate the constitutional provision that no person shall be twice put in jeopardy for the same offense. At page 280 (Atl.), in quoting from its former opinion in *Commonwealth* v. *Fitzpatrick*, 121 Pa. 109, 117, 15 Atl. 466, the court stated: "The justice of sustaining a plea of former acquittal or conviction is unquestioned and unquestionable, but a plea of 'once in jeopardy' stands on narrower, more technical and less substantial ground. It alleges only that there might have been a conviction or an acquittal, if the judge trying the case had not made a mistake in law which prevented a verdict. It is of no consequence how many mistakes he makes, if the trial results in a conviction. The mistake can be corrected on writ of error and the defendant tried over again."

In a later case that court had occasion to review a judgment denying a writ of *habeas corpus* sought by relator after a jury had returned a verdict in a felony trial in his involuntary absence. It held that the writ should have been awarded but only for the purpose of allowing the defendant a new trial. *Commonwealth ex rel. Milewski* v. *Ashe*, 363 Pa. 596, 70 A.2d 625.

In *Hyslop* v. *State*, 159 Neb. 802, 68 N.W.2d 698, the Supreme Court of Nebraska also recognized that a new trial would afford proper relief where the accused was involuntarily absent at the rendition of the verdict.

Defendant relies on the decision in *Nolan* v. *State*, 55 Ga. 521, which was preceded by *Nolan* v. *State*, 53 Ga. 137, wherein the defendant, who had been found guilty of manslaughter by the verdict of a jury rendered in his absence, filed a motion in arrest of judgment which was denied by the trial court. On appeal, the judgment was affirmed and the Supreme Court indicated that such irregularity should be reached by a motion to vacate or set aside the verdict.

Thereupon the trial court vacated the judgment, the defendant was again arraigned on the same indictment, pleaded double jeopardy and claimed his right to discharge. On appeal in the later *Nolan case,* the Supreme Court held that, since the verdict had been set aside as illegal, the plea of former jeopardy was available and should be sustained, if supported by the record and the extrinsic facts.

However, the Supreme Court of Georgia, in *Frank* v. *State,* 142 Ga. 741, 83 S.E. 645, a later decision, discussed both *Nolan cases* in detail and noted that what was said in *Nolan* v. *State,* 53 Ga. 137, concerning a motion to set aside or vacate the verdict was *obiter dictum;* and that where a verdict is rendered in the involuntary absence of the accused, a motion for a new trial is the remedy to reach such error.

Since the decision in the *Frank case,* the courts of Georgia have consistently repudiated the *Nolan cases* and have held that the rendition of a verdict in the involuntary absence of the accused is only ground for a new trial and that a motion to vacate the verdict or for discharge of the accused for that reason will not be allowed. *Brown* v. *State,* 150 Ga. 585, 104 S.E. 428; *Crymes* v. *State,* 52 Ga. App. 195, 182 S.E. 856.

Defendant also cites *Cook* v. *State,* 60 Ala. 39, and *Finch* v. *State,* 53 Miss. 363, in support of his position. While these decisions indicate that a defendant is entitled to be discharged from further prosecution under the circumstances involved in the case at bar, they are contrary to the weight of authority.

While a defendant in a criminal case is entitled to a fair trial under the applicable rules of law, consistent with constitutional and statutory safeguards, we have never held that an error in a trial violating the rights of the defendant, constitutional or otherwise, entitles him to a discharge from further prosecution. We recognize that the rendition of the verdict in defendant's absence violated his constitutional right to be present at all stages of the trial, but such error

can be remedied by awarding him a new trial which is consistent with the traditional concepts of due process of law.

Defendant argues that since the procedure followed in receiving the verdict violates such constitutional right, he must therefore be discharged. If such reasoning is followed to its logical conclusion, then in every case involving the deprivation of a constitutional right at the trial, the accused must be discharged from further prosecution. This, of course, is not the law.

It cannot reasonably be said that the right to be present when the jury renders its verdict is greater or more sacred than the right to a trial by jury as defined by our constitution and statutes. Yet, for deprivation of such right, a new trial has always been considered a proper and complete remedy. (Cf. *People* v. *Schraeberg,* 347 Ill. 392; *People* v. *Lembke,* 320 Ill. 553; *Healy* v. *People,* 177 Ill. 306.) The better rule, consistent with the ideals of justice and a proper administration of the law, is that a new trial be granted where such error has occurred, and that such new trial, following a conviction in which error intervened, does not place the defendant in double jeopardy for the same offense.

Defendant's request for a new trial in the court below was consistent with a proper protection of his rights and such relief should have been granted. Since the trial court denied this motion, the judgment must be reversed and the cause remanded for a new trial.

Other assignments of error were made and will be considered only to the extent necessary to serve as a guide in the new trial of this case.

At the trial, certain statements allegedly made by defendant at or about the time of his arrest were related by witnesses for the People. Defendant contends that these statements constituted an oral confession which should not have been received without previous notice to the accused

or his counsel of the names and addresses of the witnesses present when such statements were made. (Ill. Rev. Stat. 1957, chap. 38, par. 729.) The statements attributed to the accused were only admissions from which his guilt might be inferred. They did not amount to an acknowledgment of guilt of the particular crime charged and therefore cannot be considered a confession as defined by this court. See: *People* v. *Stanton,* 16 Ill.2d 459, 466 and 467, and the cases cited and analyzed in that opinion.

Defendant further contends that he should have been afforded a jury hearing on the question of his sanity at the time of trial. He relies on the decisions of this court in *People* v. *Burson,* 11 Ill.2d 360, and *Brown* v. *People,* 8 Ill.2d 540, and suggests that the record indicates his inability to conduct his defense in a rational and reasonable manner, to understand the nature and object of the proceedings against him, and to co-operate with his counsel.

Defendant here elected to defend himself but the court appointed an assistant public defender as *amicus curiae,* on whose motion the court ordered an examination of defendant by the behavior clinic attached to the court. The written report of the doctors who examined the accused stated that he knew the nature of the charge against him and that he was able to co-operate with his counsel. However, the report related that defendant had difficulties in adjustment which could be attributed to rather rigid duties toward religion and that his religious ideas were essentially defensive and compensatory for a deep seated feeling of inferiority. He is characterized in the report as "an extremely emotional, distraught individual who is suspicious of everything, including his wife" and who believed that everything he did was by the direction of Allah.

We cannot anticipate what the situation will be when the case is tried again. It would seem, however, that if there has been no essential change in defendant's condition,

the wiser course would be to conduct a jury hearing on the issue of defendant's sanity before proceeding to trial on the indictment.

We find no merit in defendant's contention that the evidence did not establish his guilt beyond a reasonable doubt. If that were the only question presented here we would not hesitate to affirm the conviction.

The judgment of the criminal court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*