BARTON *vs.* THE STATE OF GEORGIA.

It is the right of a defendant charged with a felony to be present at all stages of his trial, including the rendition of the verdict, and if he be in such custody and confinement by the state as not to be present, unless sent for and relieved by the court, a verdict during such compulsory absence is illegal, and will be set aside on motion. But where a defendant who is out on bail voluntarily absents himself, he cannot complain if the trial proceeds or the verdict is received in his absence.

(*a.*) Especially, was this the case where one of his counsel was present, and on being asked by the court what he had to say, answered "nothing."

Criminal Law. Verdict. New Trial. Practice in Superior Court. Before Judge HILLYER. Fulton Superior Court. April Term, 1881.

Barton was indicted and convicted of the crime of perjury. At the same term he moved to set aside the verdict as illegal, and to be discharged, on the ground that he could not be again put in jeopardy. The facts, as gathered from the motion and affidavits submitted, were, in brief, as follows :

Barton was out under bond. He had been in constant attendance upon the court up to the time the jury retired, which was about 8 P. M. Before they retired the judge instructed the sheriff to send for him and the solicitor general, in case the jury should agree upon a verdict. After waiting for about half an hour, the deputy sheriff in charge carried the jury to supper, and afterwards returned them to their room. The defendant made an arrangement with a friend to remain in the court room, and if the jury should agree upon a verdict to give him (defendant) notice thereof. The deputy sheriff knew of this arrangement, but was not a party to it. Defendant and his counsel then left the court room, as did also the clerk. Defendant went home, and about 11 or 12 P. M., suppos-

ing a mistrial had resulted, went to bed. About 11 P. M. the jury announced that they had made a verdict; the judge, solicitor general and clerk, and also one of the defendant's counsel were notified by the deputy sheriff, and came into court. In the meantime the messenger who had agreed to notify the defendant had become convinced that there would be a mistrial, and had gone home. No objection seems to have been raised at the time by the counsel to receiving the verdict; when asked what he had to say, defendant's counsel responded "nothing." The court called for the defendant, and finding him absent, had him called by the sheriff, and no response being made, his bond was forfeited. The verdict was received and published, and the court then adjourned to a day subsequent, when sentence was passed, the sheriff having in the meantime, after the verdict, proceeded to defendant's house and arrested him.

The motion to discharge was overruled, and defendant excepted.

L. J. GARTRELL; E. N. BROYLES; S. B. SPENCER, for plaintiff in error.

B. H. HILL, JR., solicitor general, by brief, for the state.

JACKSON, Chief Justice.

The defendant was out on bail, was absent when the verdict was rendered, but his counsel was present, and a motion was afterwards made to set aside the verdict. The refusal to grant this motion is the error assigned.

It is the right of the defendant in cases of felony, and this is one, to be present at all stages of the trial—especially at the rendition of the verdict, and if he be in such custody and confinement by the court as not to be present unless sent for and relieved by the court, the reception of the verdict during such compulsory absence

is so illegal as to necessitate the setting it aside on a motion therefor. *Nolan vs. the State.* 53 *Ga.*, 137; 55 *Ib.*, 521.

The principle thus ruled is good sense and sound law; because he cannot exercise the right to be present at the rendition of the verdict when in jail, unless the officer of the court brings him into the court by its order.

But the case is quite different, when after being present through the progress of the trial and up to the dismissal of the jury to their room, he voluntarily absents himself from the court room where he and his bail obligated themselves that he should be. This difference is plainly indicated by the ruling in the Nolan case in the 55th Georgia, and the opinion of the court delivered in that case by Judge BLECKLEY. And the absolute necessity of the distinction, or the abolition of the continuance of the bail when the trial begins, is seen, when it is considered that otherwise there could be no conviction of any defendant unless he wished to be present at the time the verdict is rendered.

From the charge of the court, from the countenances of the jury, from the course of the argument, from the hints or misgivings of counsel, from information leaking out of the jury room, the defendant might see that the jury would convict him, and absent himself until the verdict was rendered, and thus have its rendition made entirely nugatory by his own act.

The forfeiture of the bond is nothing. Appearance at the next term would save his bail, and trivial costs only would be the penalty paid, while the whole case must be tried again or the defendant be discharged altogether.

A second trial at the next term could be made at his option to result in the same way at the same trivial costs and so on *ad infinitum.* Can this be the law? We think that it cannot be, is as certain as that it ought not to be.

It ought not to be, because it would put it in the power of defendants on bail to block their conviction for felonies forever; it cannot be, because the very object of all crimi-

nal law is punishment for crime, and without verdicts there can be no punishment for crime. To hold, then, that the law-making power in framing laws to put down crime had so framed them as to put it in the power of every criminal, rich or influential enough to procure bail to protract the end of his trial forever, is to render the whole frame-work in respect to bailable offenses nugatory, and to stultify the legislators who made such laws. Bail is a constitutional right, guaranteed in the fundamental law, and in such cases and on charges like this, it cannot well be denied; but it were better to abolish this great right than to permit such consequences to flow from it. It is wisdom to maintain the right intact, and yet to hold, as the reasoning of this court guides us in the Nolan case in the 55th Georgia, that the partaker of this privilege, and recipient of this right, being free, cannot defeat justice by using his freedom so as to defeat it. It may be that technically he is considered in the custody of his bail, but really he is at liberty until his bail shall deliver him up. The very object of the recognizance is to break the shackles of his confinement and let him go at large.

In some cases in other states it may have been ruled that verdicts so rendered in the absence of defendants out on bail should be set aside; but in this state it has not been so decided. The opinion of Judge WARNER, in the Nolan case in the 53d *Ga.*, is to be read in the light of the facts of that case. The defendant was in jail; and the evident modification in the same case in the 55th *Ga.*, of the utterances in the 53d *Ga.*, Judge WARNER being still Chief Justice, show that his language in the 53d *Ga.* applied to that case and such cases where the defendant could not exercise his right to be present because he was in jail.

The presence of the defendant is necessary *for himself,* mainly in order to exercise his right to poll the jury. In this case, his counsel, one of them, was present and could have demanded that it be done, and it would have been

done. Indeed he was asked by the court what he had to say, and he replied, " nothing." So that we cannot see how the defendant was hurt in this case in any view of it.

Any arrangement he had made with a private person to let him know when the jury would be ready to deliver the verdict, and the failure of such person to comply with his promise, cannot effect the point. It was his duty and obligation in his bond, as well as his right, to be present until the close of his trial—the rendition of the verdict; and being free, it was for him to provide so as to be present.

No advantage was taken of him, so far as the record discloses the facts; he was called according to law, he failed to respond, and the court forfeited his recognizance and received the verdict.

According to our judgment the ruling of the superior court that the verdict stand is right and must be affirmed.

We append the cases cited by the counsel:

For plaintiff in error: 53 *Ga.*, 137; 55 *Ib.*, 521; 59 *Ib.*, 514; 39 *Ib.*, 718; 43 *Ib.*, 725; 7 Ohio, 181; 4 Humphrey's, 254; 53 Miss., 363; 5 Ark., 431; 1 Conn., 90; 19 Grat., 662; 12 *Ga.*, 25; 7 Ala., 259; 2 Snead, 549; 3 Cald., 97; 7 *Ib.*; 338; 67 N. C., 283; 25 Wis., 172; 43 N. Y., 3; 2 Fla., 502; Mag. Wis. R., Crim. Law, 501; *Bonner vs. The State*, this term, Supreme Court of Georgia.

For the state: 55 *Ga.*, 521; 16 Ind., 357; 36 Miss., 531; 49 *Ib.*, 716.

Judgment affirmed.