## HILL *v.* THE STATE.

1. Where a bill of exceptions presents for determination several questions, some of which are prematurely brought before this court, but others of which are not, the writ of error will not be dismissed, but those questions which are properly here will be adjudicated.

2. The accused was out on bond, and at the time the jury were ready to deliver their verdict he had voluntarily absented himself from the court.   His coun-

sel offered to waive his presence, and asked that the verdict be received and published. The court declined to do this, but passed an order declaring a mistrial. *Held*, that this was error; and it appearing that the verdict agreed upon by the jury was one of acquittal, direction will be given that the verdict be published as agreed upon and the accused discharged.

Argued April 27, — Decided May 30, 1903.

Indictment for misdemeanor. Before Judge Fite. Gordon superior court. March 4, 1903.

*Starr & Erwin,* for plaintiff in error.
*Sam. P. Maddox, solicitor-general,* contra.

CANDLER, J. The accused was tried in Gordon superior court, upon an indictment charging a misdemeanor. After the evidence was all in and the court had delivered its charge, the jury retired, made up their verdict, signed the same by their foreman, and returned to the court-room to deliver it in open court. The accused had previously given bond for his appearance in court and to abide the judgment that might be rendered. When the jury returned to the court-room with the verdict he was not present, but his counsel offered to waive his presence, and asked that the verdict be received. This the court refused to allow, and passed an order declaring a mistrial and discharging the jury; to which the accused excepted. The bill of exceptions recites that the court "immediately permitted the solicitor-general to forfeit the bond given by the defendant, . . to which ruling . . the defendant excepted and now assigns the same as error.", It also appears that during the same term of court the accused moved the court to set aside the forfeiture and grant an order acquitting him of the offense of which he was charged. This motion recites that the verdict agreed upon by the jury was one finding the accused not guilty. The overruling of this motion is also assigned as error in the bill of exceptions. As part of the record material to a clear understanding of the alleged errors complained of, the plaintiff in error specifies "the verdict of said jury as made on said indictment," and in the record sent to this court appears what purports to be a verdict finding the accused not guilty.

1. When the case was called for argument here, the solicitor-general moved to dismiss the writ of error, on the ground that the questions raised by the bill of exceptions were prematurely brought before this court. If the order of the court forfeiting the bond and

the refusal of the motion to set aside that forfeiture were the only question before us, the motion of the solicitor-general would be well taken; for at the next term of the court, on a motion to take a final judgment on the bond, the defendant would have the right to set up the verdict of acquittal as a defense to the action on the bond. The rule nisi forfeiting the bond only called upon the accused and his securities to show cause why a judgment for the amount of the bond should not be rendered against him.    Therefore so much of the bill of exceptions as seeks to review the action of the court in ordering the forfeiture of the bond is premature; but the assignment of error upon the order declaring a mistrial and declining to receive the verdict is properly before us at this time, because the receipt of a verdict of acquittal would have been an end of the case. As this is really the main contention made here, the motion to dismiss the writ of error is overruled.

2.    We are satisfied that the court erred in refusing to receive the verdict agreed upon by the jury.    The accused was on bond for his appearance to stand his trial and abide the judgment of the court; and upon the reception of the verdict, in the event of a conviction, the court could have forfeited the bond; and if the accused was not in court at the next term, a judgment absolute could have been entered thereon.    On the argument here it was contended that to allow the accused in a case like this to absent himself from court at the time of the rendition of the verdict would be to enable him, in case of his conviction, to prevent and postpone the enforcement of the law for as long as six months.    This is true; but the same is also true in any case where one accused of crime is out on bond; for if the accused does not see fit to comply with the terms of his bond and appear in court when his case is called for trial, the most the court can do is to forfeit the bond and issue a bench warrant for his arrest: and if he can elude the officers of the law, he can postpone even the trial of his case for six months, and at any time before the case is called for trial at the next term of the court he can pay the accrued costs of the forfeiture and give a new bond. So, if this reasoning should prevail, the giving of bonds in all criminal cases could, solely in the interest of the punishment of crime, be abrogated.    But our law is jealous of the liberty of the citizen, and to that end encourages the giving of bonds in criminal cases to the greatest extent consistent with the preservation of justice.    This

court has more than once ruled that it is the *right of the defendant* in a criminal case to be present at all stages of his trial, especially at the rendition of the verdict; and that if he be in jail or otherwise in custody, a verdict of guilty received during his .compulsory absence will be illegal.    The right to be present at the rendition of the verdict, however, is a privilege accorded *to the accused*, and we have yet to learn of a case holding that the right can not be waived by the accused or his counsel.    In the case of *Barton* v. *State*, 67 *Ga.* 655, it was said : " The principle thus ruled is good sense and sound law; because he can not exercise the right to be present at the rendition of the verdict when in jail, unless the officer of the court brings him into court by its order."    Citing *Nolan* v. *State*, 53 *Ga.* 137, 55 *Ga.* 521.

On the other hand, it has been as often ruled that where, at the time of the rendition of the verdict, the accused is voluntarily absent from the court-room on bond, he can not complain if the verdict is rendered in his absence.    Judge Bleckley, in the *Nolan* case, supra, clearly draws the distinction between the two classes of cases. There is, as is there pointed out, a strong reason for the difference, because, if the verdict could not be received during the voluntary absence of the accused, it would be possible for one by his own voluntary act to indefinitely postpone the rendition of a verdict in his case.    In the language of Chief Justice Jackson in the *Barton* case, supra, " From the charge of the court, from the countenances of the jury, from the course of the argument, from the hints or misgivings of counsel, from information leaking out of the jury-room, the defendant might see that the jury would convict him, and absent himself until the verdict was rendered, and thus have its rendition made entirely nugatory by his own act.    The forfeiture of the bond is nothing    Appearance at the next term would save his bail, and trivial costs only would be the penalty paid, while the whole case must be tried again or the defendant discharged altogether.    A second trial at the next term could be made at his option to result in the same way at the same trivial costs, and so on ad infinitum."    In the case of *Robson* v. *State*, 83 *Ga.* 166, when the verdict was brought into court the accused was at large on bond and was voluntarily absent.    His counsel, as did counsel in the case at bar, waived his presence and consented to the reception of the verdict.    It was held :  " When one on trial for a *felony* is at

large on bond, and is voluntarily absent when the verdict is returned, the verdict may nevertheless be received and published, especially if his counsel makes an express waiver of the client's right to be present." The rules of law are applied more strictly in felony than in misdemeanor cases. As has been observed, the rule that the accused has the right to be present when the verdict for or against him is returned into court is one made for the benefit of the accused. If he voluntarily absents himself from court at that time, waiving the right to be present, he must take the chances of the verdict. If he is found guilty, he can not complain that he was not present when the verdict was returned; and so, if the verdict is one of acquittal, he should not be denied the privilege of having it received and published according to law.

As will have been observed, this case presents one anomalous feature, which renders extremely difficult a logical disposition of the question presented for determination. Strictly speaking, the verdict is still within the minds of the members of the jury empaneled to try the case, as it was never received by the court, and hence could not properly go on record; and yet we have before us what purports to be a record of the verdict rendered by the jury. We have it, however, from the certificate of the trial judge to the truth of the recitals of fact in the bill of exceptions, and from the alleged record which was by him ordered to be sent to this court, that had the verdict been received it would have resulted in the acquittal of the accused. As has been seen, the refusal to receive the verdict, and the order declaring a mistrial, are held to have been erroneous; and direction is therefore given that the order declaring a mistrial be set aside, and that the verdict which appears from the record to have been agreed upon by the jury and fully written out and duly signed by its foreman, and returned into court, be entered upon the minutes of the court nunc pro tunc, and the accused discharged.

*Judgment reversed, with direction. By five Justices.*