### 5517.  WILKERSON *v.* THE STATE.

1. The accused being under a bond obligating him to be present at the trial, and being at large when the verdict was rendered, the verdict will not be held illegal on the ground that he and his counsel were not in court when it was rendered.
2. Failure to charge the jury as to evidence of good character of the accused is not cause for a new trial when no such charge was requested.
3. The refusal to allow the accused to file a plea in abatement after his plea of not guilty had been entered was not error.
4. After a witness for the State had testified at the trial, it was discovered that a person not properly on the jury (the accused having rejected him) was serving as a juror; and the accused moved that the court declare a mistrial because of this fact. *Held,* that the court erred in not granting this motion; and all further proceedings against the accused were nugatory.

DECIDED APRIL 18, 1914.

Accusation of sale of liquor; from city court of Carrollton— Judge Beall.  January 23, 1914.

*Boykin & Boykin,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.

Roan, J.  Sam Wilkerson was convicted on an accusation charging him with selling whisky.  He excepts to the refusal of a new trial.  In the 4th ground of his motion for a new trial (which is the first ground following the usual general grounds) error is assigned because the verdict was received during the absence of himself and of his counsel, no waiver being entered by him or his counsel of his or their right to be present when the verdict was received, or of the poll of the jury.  In this ground it is stated that the defendant was under bond.  In the 5th and 6th grounds error is assigned because the court failed to charge the jury upon evidence of good character that had been submitted to them for the accused.  The 7th ground was not approved by the trial court, and therefore will not be considered.  The 8th ground alleges error because the court refused, on request, to allow the defendant to withdraw his plea of not guilty.  The 9th ground alleges error because the court refused to allow the defendant to file a plea in abatement, alleging that the accusation on which he was being tried had never been sworn to.  In this ground it is stated that the plea in abatement was offered after the defendant had "entered his plea to the merits or general issue or the jury had been sworn, or the jury had been stricken."  The 10th ground alleges that after the jury had been stricken and sworn, and after Herman Steed, a material witness for the State, had testified, it was discovered that one of the jurors stricken by the defendant was serving on the jury trying the case; that the defendant's counsel moved that a mistrial be declared for this reason, and the motion was overruled; and that the court erred in overruling the motion.  When the motion to declare a mistrial was overruled the court withdrew the case from the jury, and over the objection of the accused required him to be tried by a jury selected from the original list of twenty-four from which the first jury had been selected.  This also is assigned as error.

There is no merit in the general grounds of the motion for a new trial; for the evidence authorized the jury to render a verdict finding the defendant guilty.

1.  There is no merit in the 4th ground, as it appears that the defendant was under bond and should have been present when the jury rendered a verdict in his case.  His bond obligated him to be present during the whole trial, including the time when the ver-

dict was rendered; and if he was absent, it was not because he was prevented from being present by any action of the court or of any of the officers thereof, but by his own volition. He should not be allowed to take advantage of his own laches. See *Barton* v. *State,* 67 *Ga.* 653; *Robson* v. *State,* 83 *Ga.* 167 (9), 171 (9 S. E. 610); *Hall* v. *State,* 118 *Ga.* 21 (44 S. E. 820); *Cawthon* v. *State,* 119 *Ga.* 396 (46 S. E. 897).

2. There is no merit in the 5th and 6th grounds, alleging error in failing to charge the jury on evidence of good character of the defendant; as it does not appear that the court was requested to charge on this subject. *Webb* v. *State,* 6 *Ga. App.* 353 (64 S. E. 1001); *McLendon* v. *State,* 7 *Ga. App.* 687 (67 S. E. 846).

3. There is no merit in the 9th ground, which complains of the refusal to allow the defendant to file a plea in abatement, after he had joined issue by a plea of not guilty. Pleas in abatement or in bar must be made in writing previous to the trial, and, if not made at the proper time, are held to be waived. Penal Code, § 975; *Hall* v. *State,* 103 *Ga.* 403 (29 S. E. 915).

4. The court committed error in failing to sustain the motion of the defendant's counsel for a mistrial, on the facts as alleged in the tenth ground. There was no other legal method by which the defendant could rid himself of this panel of jurors, to which his case had been submitted, and who had heard part of the evidence under oath on the trial of his case, for he was in jeopardy as soon as this jury was impaneled and sworn and the testimony had been delivered. The trial judge had no authority in law at this stage of the trial, on his own motion, to withdraw the case from the consideration of this jury, but did have power to declare a mistrial on motion of the defendant's counsel, and when that motion was made it was his duty to declare a mistrial and withdraw the case from the further consideration of the jury. All further proceedings against the defendant after this motion was overruled were necessarily nugatory. There are several grounds following the 10th ground, but it is needless to comment upon them specifically, as it is not likely that the question raised in them will arise on another trial. The case must be sent back for a new trial before another jury. *Judgment reversed.*