### 9148.   FRASER *v.* THE STATE.

1. If during a trial for misdemeanor the accused (being under bail and, free from constraint) voluntarily absents himself from the court-room while the jury is considering the case, he will have no ground for a plea of former jeopardy should a mistrial be declared and the jury be discharged while he is thus absent.
2. The grounds of the motion for new trial are without merit.

DECIDED OCTOBER 31, 1917.

Accusation of misdemeanor; from city court of Hinesville— Judge W. C. Hodges. July 17, 1917.

*N. J. Norman, Ben A. Way,* for plaintiff in error.

*Melville Price, solicitor,* contra.

BLOODWORTH, J. 1. The defendant had given bond. "He was under no restraint or constraint by the action of the court," but was free to go and come at his will. While it is the right of the defendant to be present at all stages of his trial, this rule is established for his benefit; and if he voluntarily absents himself from the court-room while the jury is considering his case, he thus waives his right to be present should occasion arise therefor and a mistrial be declared. "Where a defendant who is out on bail voluntarily absents himself, he can not complain if the trial proceeds or the verdict is received in his absence." *Barton* v. *State,* 67 *Ga.* 653 (44 Am. R. 743); *Robson* v. *State,* 83 *Ga.* 167 (9) (9 S. E. 610); *Wilkerson* v. *State,* 14 *Ga. App.* 475 (81 S. E. 395). The *Barton* and *Robson* cases, supra, were both felonies. The rules of law are more strictly enforced in felonies than in misdemeanors; and if a verdict can be received in a felony case when the defendant is under bond and voluntarily absent, and where he loses the right of demanding that the jury be polled, a fortiori a mistrial can be declared in a misdemeanor case when the defendant is under bond and voluntarily absent, and loses no right by not being present.

On the trial of an issue raised by the plea of former jeopardy in this case the defendant swore: "I was not present when the jury trying my case was discharged and a mistrial declared. I was not in the house. I was under bond. My attorneys, I suppose, were present, but I did not know anything about it." This was the only evidence submitted. Under the foregoing rulings and reasoning we must conclude that the judge properly overruled the plea, even though he may have given a wrong reason therefor and "stated from the bench that he knew the defendant was in the court-house at the time." While "the court should not overrule a plea because of matter of fact which is outside both of the plea and the record, although such extrinsic matter may be within the knowledge and recollection of the judge" (*Lovett* v. *State,* 80 *Ga.* 255, 4 S. E. 912), yet, as said above, even if the judge erroneously based his ruling on such extrinsic matter, the ruling was still correct. The bond of the defendant "obligated him to be present during the whole trial, including the time when the verdict was rendered; and if he was absent, it was not because he was prevented from being present by any action of the court or of any officers thereof, but by his own volition. He should not be allowed

to take advantage of his own laches." *Wilkerson* v. *State,* supra. Of course this ruling does not apply when the defendant is in jail and his absence is enforced and involuntary, as in such cases as *Bagwell* v. *State,* 129 *Ga.* 170 (58 S. E. 650).

2. The foregoing ruling disposes of the question raised by the exceptions pendente lite. The grounds of the amended motion for a new trial are without merit, and the judge properly refused a new trial.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*