20886.   VICKS *v.* THE STATE.

DECIDED JANUARY 14, 1931.

*Frank S. Twilty,* for plaintiff in error.

*Robert B. Short, solicitor-general,* contra.

BLOODWORTH, J. · We will enlarge upon the 1st headnote only. A motion to set aside the verdict was made on the ground, among others, that the indictment was void on its face and no verdict could be sustained thereon, because it failed to set forth any violation of the laws of Georgia. It was also alleged that the verdict should be set aside because the indictment seeks to set forth in two counts thereof two separate and distinct offenses, it not being alleged that these offenses constituted one transaction. The indictment in this case is the same one under which B. H. Gaulden, who was jointly indicted with the accused, was convicted, and practically the same attack on the indictment was made in the *Gaulden* case as in this case; and this court in that case held that the indictment was good. See 41 *Ga. App.* 635 (154 S. E. 209).

It was further alleged that the verdict should be set aside because the defendant was not present in court at the time the evidence was being taken and had no opportunity of making a statement to the jury; that he was not absent from the court "of his own free will and accord," but "left town because of fear for his own life and under duress and because of threats made to him orally and in writing." It is the right of the defendant to be present at all stages of the trial. This rule was made for the benefit of the defendant, and if he, while under bond, voluntarily absents himself from the court during the progress of the trial he thus waives the right to be present and must take the chances of what happens in

his absence. In *Fraser* v. *State,* 21 *Ga. App.* 155 (94 S. E. 79), this court held: "The defendant had given bond. 'He was under no restraint or constraint by the action of the court,' but was free to go and come at will. While it is the right of the defendant to be present at all stages of his trial, this rule is established for his benefit; and if he voluntarily absents himself from the court room while the jury is considering his case, he thus waives his right to be present should occasion arise therefor and a mistrial be declared. 'Where a defendant who is out on bail voluntarily absents himself, he can not complain if the trial proceeds or the verdict is received in his absence.' *Barton* v. *State,* 67 *Ga.* 653 (44 Am. R. 743); *Robson* v. *State,* 83 *Ga.* 167 (9) (9 S. E. 610); *Wilkerson* v. *State,* 14 *Ga. App.* 475 (81 S. E. 395)." In the case last cited it was held: "There is no merit in the 4th ground, as it appears that the defendant was under bond and should have been present when the jury rendered a verdict in his case. His bond obligated him to be present during the whole trial, including the time when the verdict was rendered; and if he was absent it was not because he was prevented from being present by any action of the court or of any of the officers thereof, but by his own volition. He should not be allowed to take advantage of his own laches. See *Barton* v. *State,* 67 *Ga.* 653; *Robson* v. *State,* 83 *Ga.* 167 (9), 171 (9 S. E. 610); *Hall* v. *State,* 118 *Ga.* 21 (44 S. E. 820); *Cawthon* v. *State,* 119 *Ga.* 396 (46 S. E. 897)." The fact that threats were made against the accused would be no excuse for fleeing the jurisdiction of the court. For no reason urged should the motion to set aside the verdict have been granted.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*