### 21197. WHITNEY v. BIRDSONG *et al.*

HEAD, Presiding Justice. Alfred R. Whitney filed a petition for writ of habeas corpus against Mrs. Georgia M. Birdsong and J. M. Birdsong, alleging that the defendants had illegally detained his minor daughter, Georgia Whitney. After a hearing, Honorable Samuel J. Boykin, Judge of the Superior Court of the Coweta Circuit, on December 13, 1960, awarded custody of the child to the defendants, and the exception is to this judgment. The defendants in error have filed their motion in this court to dismiss the bill of exceptions on the ground that a consideration of the evidence will be necessary to determine the issues, and there is no brief of evidence properly before this court. *Held:*

The certificate to the bill of exceptions contains the following: "I do hereby certify that the foregoing bill of exceptions and brief of evidence was tendered to me on the 12th day of January, 1961, is true, etc." Where, as in the present case, the judgment to be reviewed is not one on a motion for new trial, the plaintiff in error shall incorporate in the bill of excep-

tions so much of the evidence as is material to a clear understanding of the errors complained of. *Code* § 6-801, as amended, Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 447. If the plaintiff in error so elects, he may have the brief of evidence "approved by the judge and made a part of the record and sent up by the clerk as a part thereof. . ." *Code* § 6-802 as amended, Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 448. No brief of the evidence was incorporated in the bill of exceptions. Attached to the record appears what purports to be a brief of the evidence, but it contains no certification of approval pursuant to the requirements of *Code* § 6-802 as amended. "This court can not consider as a brief of evidence a document appearing as such in a record or bill of exceptions, unless the record or bill of exceptions affirmatively shows that the document has been approved as correct by the trial judge." *Cawthon v. State*, 119 Ga. 395 (3) (46 S. E. 897); *Perry v. Perry*, 188 Ga. 477 (4 S. E. 2d 184). "Where a direct bill of exceptions fails to set forth all of the evidence material to a clear understanding of the errors complained of, or a duly approved brief of the evidence submitted on the trial, the judgment of the trial court will not be reversed upon any ground depending upon consideration of the evidence." *McBurnette v. Huff*, 154 Ga. 452 (3) (114 S. E. 578); *Waldrip v. Slagle*, 161 Ga. 464 (131 S. E. 53); *Attaway v. Duncan*, 206 Ga. 230 (56 S. E. 2d 269); *Cornett v. Justice*, 209 Ga. 375 (72 S. E. 2d 724); *Barringer v. Porter*, 211 Ga. 20 (83 S. E. 2d 603); *Dukes v. Balkcom*, 212 Ga. 300 (92 S. E. 2d 18). There being no brief of the evidence before this court in the manner directed by law, the judgment of the trial court is

*Affirmed. All the Justices concur.*

SUBMITTED MARCH 14, 1961—DECIDED APRIL 6, 1961.

*Robt. E. Barfield,* for plaintiff in error.
*Richter & Birdsong,* contra.