## 41053. SECURED INSURANCE COMPANY v. WHITLEY CONSTRUCTION COMPANY.

FELTON, Chief Judge. ■ "When no motion for a new trial is made, the evidence should be embodied in the bill of exceptions, or attached as an exhibit thereto, and properly identified, or contained in a brief approved by the trial judge and made part of the record. In a suit on an insurance policy, where the case is tried on an agreed statement of facts, and a judgment in favor of the defendant is rendered by the court, and the exception is to this judgment, the embodiment in the record of what purports to be a copy of the agreement signed by counsel is not sufficient. *Mann v. Archer,* 69 Ga. 767." *McClarty v. Penn Mutual Life Ins. Co.,* 131 Ga. 724 (1) (63 SE 224). "An alleged statement of facts not being set forth in the bill of exceptions nor made a part of the same as an exhibit thereto and properly authenticated, what purports to be an agreed statement of facts sent up as a part of the record, but not approved by the judge and ordered filed as such, can not be considered by this court [cases cited]." *Silvey & Co. v. Brown,* 137 Ga. 104 (1) (72 SE 907). See also cases annotated under *Code Ann.* § 6-801, catchword, "Evidence," sub catch phrase, "Documentary evidence and affidavits," etc., and cases annotated under *Code Ann.* § 6-802, catchwords, "Agreed statement of facts."

In the present case, although the two documents of evidence before the trial court—the alleged stipulation of facts and copy

of the insurance contract sued on—were specified in the bill of exceptions as being a part of the record material to a clear understanding of the errors complained of and filed with the clerk of the superior court and physically attached to the record following the judge's certificate, they were nevertheless not before this court in the manner directed by law. As indicated by the authorities hereinabove cited, there are three methods by which evidence can be properly brought before our appellate courts, namely: (1) by procuring on the document or documents the trial judge's approval as part of the record and his order that it be filed as such; (2) by incorporating the evidence in the bill of exceptions, preceding the certificate of the judge; or (3) by attaching it as an exhibit or exhibits to the bill of exceptions, bearing thereon the judge's authentication of them as some of the parts of the record certified to by him as being the document or documents specified in the bill of exceptions and certified to in his certificate. In this case the stipulation is not before this court under any of the above methods.

The errors assigned in the defendant's bill of exceptions being such as can not be determined from the record without a consideration of the alleged documentary evidence so sent up, the judgment of the court below in favor of the plaintiff must be affirmed. See *Silvey & Co. v. Brown*, 137 Ga. 104 (2), supra; *Stewart v. Echols County*, 89 Ga. App. 99 (78 SE2d 867; *Whitney v. Birdsong*, 216 Ga. 756 (119 SE2d 569) and cases cited.

*Judgment affirmed. Jordan and Russell, JJ., concur.*

Decided February 4, 1965—Rehearing denied March 30, 1965.

*Peek, Whaley & Blackburn, J. Corbett Peek, Glenville Haldi,* for plaintiff in error.

*Zachary & Hunter, W. E. Zachary, John C. Hunter,* contra.

On Motion for Rehearing.

Russell, Judge, concurring specially. This was a case submitted to the trial court for decision which has come to this court by direct bill of exceptions. *Code Ann.* § 6-801 provides that in such case the movant shall incorporate the oral and docu-

mentary evidence in the bill of exceptions. *Code Ann.* § 6-802 provides in the alternative that such evidence may be specified in the record and sent up by the clerk of court when "approved by the judge, and made a part of the record." One of many cases controlling this point is *Leggett v. Pridgen*, 150 Ga. 115 (102 SE 829) which holds that an agreed statement of fact not incorporated in the bill of exceptions, not attached thereto as an exhibit, and not approved by the trial judge, may not, although ordered filed and sent up as a part of the record, be considered by this court. The plaintiff in error in the motion to rehear argues that the stipulation of facts with the insurance contract attached thereto as an exhibit, filed in the trial court and approved by counsel for both sides but not by the trial judge, is a part of the pleadings, and that judgment was entered on the pleadings and not on evidence. An examination of the pleadings shows that every essential allegation of the petition was denied by the defendant, including coverage under the policy. The policy was not attached to either the petition or answer. The stipulation of fact did have the policy attached as an exhibit to it, and this is the document containing all facts in the case on which judgment was entered, and it was not approved by the trial court, for which reason we had no alternative but to affirm under the mandate of *Code Ann.* §§ 6-801 and 6-802.

The writer is in perfect sympathy with the plaintiff in error, and notes with satisfaction that these two Code sections are the first two listed among repealed statutes in the new Appellate Procedure Act (Ga. L. 1965, p. 18), but recognizes that this is cold consolation for the able counsel in this case and for their clients. This court continually realizes to its chagrin that the Constitutional mandate marking the perimeter of its jurisdiction as a court for the correction of errors of law only under applicable statutes delineating procedural prerequisites has on more than one occasion kept it from doing justice; that no procedural system is perfect, and that the good resulting from order, clarity and consistency under the rules is the only justification that may be urged against the occasional inequity resulting from the same source. 219 Georgia, the latest published volume of the Supreme Court, shows approximately 3 per cent of cases dismissed or

affirmed by reason of a technicality similar to the one involved in the present case. 110 Georgia Appeals, the latest volume in this court, shows 1.7 per cent of the cases were so disposed of. The percentage in both courts has, the writer feels certain, been much higher in other periods. The new Appellate Procedure Act results from this very fact, and provides in Section 10 that there may be only four grounds of dismissal: failure to file a notice of appeal within the applicable time period; premature appeal; questions which have become moot, or failure of the appellant to present an enumeration of the errors relied upon within the time provided by applicable rules of the appellate court. However, it should be noted that under Section 10 (i), a stipulation of fact filed in the trial court for use in this court in lieu of a brief of evidence, showing "how the questions arose and were decided in the trial court" *must* be approved by the trial judge in order to be considered.

The situation arising in this case, where a stipulation is filed in the trial court to be used by the trial judge in making his decision, is not specifically dealt with. Under subsection (e) of Section 10, a transcript of the evidence prepared by the court reporter shall have the certificate of the reporter but does not need the certificate of the trial judge. Subsection (g) comprehends a situation where evidence was presented but no transcript made, in which case an agreement of the parties entitles the agreed statement to be recorded. This might logically include an agreed statement of facts signed by both counsel and used by the trial court in deciding the case, but there might also arise a question of whether the stipulation did in fact include *all* of the evidence considered by the trial court. Additionally, Sections 13 and 14 contemplate the making of rules by the appellate courts, and it should be pointed out that where failure to follow the procedure indicated in the statute or the rules cannot, under Section 13, result in dismissal, it might yet have the effect of keeping the court from a consideration of some or all of the errors enumerated, which would result in an affirmance of the case. If I did not feel bound by the present law on the exact point made by the defendant in error's motion to dismiss this case I would vote that it should be considered on its merits.