### 23691. DUTTON, Warden v. MORRIS.

MOBLEY, Justice. The appeal is from a judgment of the City Court of Reidsville granting the writ of habeas corpus filed by Wilbur Morris, Jr. and ordering his release from the Reidsville State Prison. While the petition alleges several reasons why he should be released, including that at and during his trial and imposition of sentence, he was not aware of the fact that he was being tried and did not comprehend the legal issue before him, the only evidence offered by him was his own in which he failed to testify that any of those allegations were true. His testimony related primarily to statements as to why he was not guilty of shooting at another, the offense for which he was found guilty.

The only evidence relating to the validity of his trial is his testimony that "I wasn't present at my own trial, I was in the judge's office." He made the further statement, wholly unrelated or connected in any way that would show to what he had reference: "I didn't know anything about what was going on. The sheriff and deputy sheriff held me up . . ." He did not say that this was during trial or when sentence was imposed, but it followed testimony as to why he was not guilty. *Held:*

1. Upon the trial of the case there existed a presumption in favor of the conviction or judgment thereof unreversed, and that the decision of the court convicting him was well founded (*Code* § 38-114; *Stanforth v. Balkcom*, 217 Ga. 816 (125 SE2d 505)), and the burden of overcoming this presumption in a habeas corpus proceeding is upon the prisoner. *Gay v. Balkcom*, 219 Ga. 554 (134 SE2d 600); *Dutton v. Parker*, 222 Ga. 532 (150 SE2d 833).

The prisoner wholly failed to carry that burden. His testimony that he was not present during his trial but was in the judge's office was not sufficient, as the able counsel representing him may have with his consent or in his presence waived his presence in the courtroom, which he could have done (see *Wilson v. State*, 212 Ga. 73, 75 (90 SE2d 557) and cases cited); or the prisoner may have voluntarily absented himself from the courtroom during the trial, in which case he would not be allowed to take advantage of his own laches. See *Fraser v. State*, 21 Ga. App. 154 (94 SE 79); *Barton v. State*, 67 Ga. 653 (44 AR 743); *Wilson v. State*, supra. While the prisoner

has the right to be present at every stage of the proceedings and personally see and know what is being done in his case, in a habeas corpus proceeding the burden is on him not only to furnish evidence that he was deprived of that right, but that he had not, nor had his counsel with his consent, waived that right, and that he had not voluntarily absented himself from the courtroom.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1966—DECIDED OCTOBER 6, 1966.

*Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Carter A. Setliff, Assistant Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, Joel M. Feldman,* for appellant.

Wilbur Morris, Jr., *pro se.*