## 45754. MILLER v. THE STATE.

EVANS, Judge. The accused was indicted, tried and convicted of burglary. He was sentenced to serve a term of seven years in confinement, and the appeal is from the judgment and sentence and from the overruling of his motion for new trial. He enumerates as error: (1) the denial of counsel; (2) the conducting of the trial during his absence; and (3) insufficiency of the evidence to support the verdict. *Held:*

1. Where the accused was present and participated in the selection of a jury, but thereafter voluntarily absented himself from the proceedings, being under no restraint and free to go and come at will under a bond, he waived any right to be present at all stages of his trial. *Barton v. State,* 67 Ga. 653; *Robson v. State,* 83 Ga. 166 (9) (9 SE 610); *Wilkerson v. State,* 14 Ga. App. 475 (81 SE 395); *Fraser v. State,* 21 Ga. App. 154 (94 SE 79); *Vicks v. State,* 42 Ga. App. 451, 453 (156 SE 729); *Hill v. State,* 118 Ga. 21 (44 SE 820); *Cawthon v. State,* 119 Ga. 395 (9) (46 SE 897). It is noted that no objection was made by his appointed counsel to proceeding with the trial without the accused being present. We find no merit in this complaint.

2. The record does not disclose defendant made any objection to counsel who was appointed for him, nor is it shown how and

when the defendant was denied counsel. This is a court for the correction of errors of law only (Constitution of 1945; *Code Ann.* § 2-3708), and we cannot consider matters dehors the record. Counsel for appellant attaches to his brief several affidavits in an attempt to prove there was a denial of counsel. But we cannot consider this as evidence. *Robinson v. Woodward,* 134 Ga. 777 (68 SE 553); *Blackman v. Garrett,* 135 Ga. 226 (69 SE 110); *Silvey & Co. v. Brown,* 137 Ga. 104 (72 SE 907); *Secured Ins. Co. v. Whitley Constr. Co.,* 111 Ga. App. 430 (142 SE2d 82). There is no merit in this complaint.

3. There was ample evidence, both direct and circumstantial, that the burglary occurred about 1 a.m.; that accused and his alleged accomplice were seen and arrested in the immediate vicinity of the building burglarized; a tire tool was found near the accused; it was not the property of the service station; a window had been broken and auto tires removed; a Lincoln automobile was borrowed by the accomplice and found near the building and the owner of said car testified that the accused, after his arrest, apologized to the owner "for being involved with Perry (the accomplice) and having my (his) car involved in something illegal." In addition, other suspicious items taken from the accomplice were admitted in evidence. The evidence amply supports the verdict.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*
Submitted November 3, 1970—Decided November 18, 1970.

*J. Donald Bennett,* for appellant.
*Earl B. Self, District Attorney,* for appellee.