## 52415. SMITH v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of violation of the Georgia Controlled Substances Act.

1. The appellant was admitted to bail and was present for the first day of his trial. Court was adjourned overnight and when it was reconvened the next morning, the appellant did not reappear. Appellant's retained counsel objected to trying the appellant in his absence. The judge noted that the appellant had been instructed to be in court. Defense counsel then stated, "Yes, sir. It was my understanding that he was here earlier and the jurors were not here and I don't believe that —," whereupon the judge replied, "Well, the court did not excuse him," and continued with the trial. After the verdict of guilty was rendered, the judge conducted a presentence hearing over defense counsel's objection, and ruled that he would give the defendant an opportunity to be heard "when and if he is arrested or brought in on a warrant." The judge then announced his intention to sign an arrest warrant.

The appellant now contends, apparently for the first time on appeal, that his absence was not voluntary, but a "product of his illness"; that "the continuing of the trial without him caused him to become confused and afraid for

his liberty"; that the trial should have been halted and a determination made as to the reason for his absence; and that his confrontation rights, guaranteed by both the Georgia and Federal Constitutions, were violated.

"Confrontation rights are personal to the accused and are waived when the accused is free on bail and voluntarily absents himself from the trial. See *Wilson v. State,* 212 Ga. 73 (90 SE2d 557) (1955); *Frank v. State,* 142 Ga. 741 (83 SE 645) (1914); *Cawthon v. State,* 119 Ga. 395 (46 SE 897) (1903); *Miller v. State,* 122 Ga. App. 869 (179 SE2d 265) (1970); *Vicks v. State,* 42 Ga. App. 451 (156 SE 729) (1931); Diaz v. United States, 223 U. S. 442 (32 SC 250, 56 LE 500) (1912); Taylor v. United States, 414 U. S. 17 (94 SC 194, 38 LE2d 174) (1973) . . . [T]he voluntary absence of the accused waives his right to be present when sentence is imposed. See People v. Rife, 18 Ill. App. 3d 602 (310 NE2d 179) (1974); State v. Kelly, 213 Kan. 230 (515 P2d 1030) (1973); People v. White, 18 Cal. App. 3d 44 (95 Cal. Rptr. 576) (1971); People v. Colon, 66 Misc. 2d 956 (322 NYS2d 907) (1971)." *Byrd v. Ricketts,* 233 Ga. 779, 780 (213 SE2d 610).

The providential (including illness) prevention of a party from attending his trial may be grounds for a continuance where his counsel states in his place that he cannot go safely to trial without his presence. See Code Ann. § 81-1412 and cases annotated under catchword "Illness." In the present case, counsel, because of his not knowing the reason for his client's absence, was unable to make the requisite formal and proper motion for continuance (*Horton v. State,* 132 Ga. App. 407 (208 SE2d 186)); therefore, the trial judge could assume that the defendant had voluntarily absented himself from the trial, thereby waiving his confrontation rights.

Counsel for the defendant had available the remedy of making an affidavit that on the trial he was ignorant of the cause of the defendant's absence, and could not, therefore, move for a continuance, and that his presence and testimony were necessary to a successful defense of the case, and moving for a new trial on this ground. *Cleveland Nat. Bank v. Reynolds,* 76 Ga. 834. However, the defendant's "out of time motion for new trial" specified as to this ground merely "continuing with the trial while

the defendant was absent," without making the requisite showing set out hereinabove. The burden of determining the cause of the defendant's absence was on his counsel, not on the trial judge. Therefore, the issue as to the legal justification, if any, for the defendant's absence, not having been properly raised, as it must have been, before the trial judge, cannot be reviewed where it is raised for the first time on appeal to this court. *Anderson v. State,* 129 Ga. App. 1 (2) (198 SE2d 329) and cits. The first enumerated error is without merit.

2. The appellant contends that the court erred in permitting the defendant's statement, that all items found in his apartment were his property, to be admitted without first making an independent determination of voluntariness. The statement was made both at the scene of the search and at a preliminary hearing at which he was represented by retained counsel, and after having been advised of his "Miranda rights." Furthermore, no objection to the admission on this ground was made at trial, thus presenting nothing for review on appeal. *Mallory v. State,* 230 Ga. 657 (2) (198 SE2d 677); *Archie v. State,* 137 Ga. App. 386 (2) (224 SE2d 64). The second enumerated error is without merit.

3. In the third enumerated error it is contended that the amount of heroin found was not proved to be of a usable quantity, citing Marshall v. United States, 229 A2d 449 (D. C. App. 1967); People v. Leal, 64 Cal. 2d 504, 512 (413 P2d 665); *Wallace v. State,* 131 Ga. App. 204 (2) (205 SE2d 523).

In *Wallace,* supra, this court found that it was not necessary on that record to decide whether there is some minimum amount of an illegal substance below which no claim of intentional possession will be sustainable, because there was evidence indicating that the amount of contraband (marijuana) seized there was such as might be found in a substantial fraction of, though less than a whole, marijuana cigarette. The court further considered the surrounding circumstances of the careful wrapping and storage of the contraband, distinguishing the possession from an "unwitting possession," such as "an accumulation of dust or other accretions in a defendant's clothing." Moreover, the amount of marijuana possessed

is relevant because of the different penalties for less than and greater than one ounce. Code Ann. § 79A-9917 (Ga. L. 1971, p. 271; 1973, p. 688; 1974, pp. 221, 266). No such provision is made as to possession of heroin.

In the case sub judice, the circumstantial evidence contraindicates the defendant's "unwitting possession" of less than a "usable quantity" of the heroin. The police officers testified that no one answered their knock at the front door; that they broke into the dwelling after having identified themselves as policemen; that there was a lot of movement, shouting and confusion among the occupants of the dwelling; that the defendant was observed coming out of a bathroom, in which the water in the commode was being flushed down; that the commode top was open, revealing a small amount of heroin powder which had not been flushed down at that time; and that a spoon and strainer or sifter, used to weigh heroin, were found on top of the commode. It was reasonable for the jury to find from this evidence that the defendant at least constructively possessed a larger amount of heroin than the remaining traces, most of which had already been flushed down the commode (which, the officers testified, is a common method of disposing of illicit heroin). This enumerated error is without merit.

4. The appellant, who has newly retained counsel, now contends that his previously retained counsel provided him with ineffective assistance at trial. He contends that at least some combination of the following motions should have been filed in a case of this type: motion for bill of particulars, for discovery, to suppress, for production of evidence favorable to the accused, to quash and dismiss the indictment, and for a witness list.

The appellant's trial counsel was an experienced member of the bar, who, in spite of overwhelming evidence against his client, nevertheless vigorously defended him by cross examination, objections to exhibits and portions of testimony, and utilization of the tactic of openly claiming the heroin while denying any knowledge that it was heroin. Counsel's effectiveness met the standards in cases exemplified by *Furgerson v. State,* 234 Ga. 594 (2) (216 SE2d 845) and cits. "As shown by *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515), the effective

assistance of trial counsel is measured not by his effectiveness in achieving a favorable result (verdict) but by his reasonable effectiveness during the trial in defending the accused." *Furgerson*, p. 596. The defendant and his counsel were well aware of the witnesses and evidence which would be adduced at the trial. The "bill of particulars" is a pleading not used in Georgia. The fact that counsel made no motion for continuance upon the defendant's unexplained absence at the second day of his trial, does not demonstrate ineffective assistance, since at that time he apparently knew of no excuse for the absence. Nor does the omission of such an excuse from the motion for new trial have such an effect; rather, the presumption is that the unexplained absence was voluntary. The fourth enumerated error is without merit.

5. The fifth enumerated error is the failure (as far as the record shows, without a request) to charge the jury that the defendant's absence and failure to testify in his own favor shall not create a presumption against him. Although this enumeration may be deemed abandoned by counsel's failure to argue it by brief or by oral argument, we note that the Supreme Court has held that "such a charge would be proper but that it was not 'error to fail to so charge in the absence of a proper and timely request.' " *Clay v. State*, 236 Ga. 398 (224 SE2d 14) and cit.

The verdict and judgment were not erroneous for any reason urged.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Argued July 12, 1976 — Decided September 9, 1976.

*Stephen A. Kermish*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Harvey Moskowitz, Assistant District Attorneys*, for appellee.