## A93A2190. STELL v. THE STATE.
(436 SE2d 806)

BLACKBURN, Judge.

The appellant, David Stell, was convicted of child molestation, statutory rape, and incest, with all charges involving his ten-year-old daughter. The trial court sentenced him to 20 years' imprisonment for the child molestation conviction, the other two charges having merged, and this appeal followed.

At trial, Stell's daughter recalled visiting her father over Thanksgiving weekend in 1989. One night during that visit, Stell called her over to his bed, removed her clothes, and engaged in sexual intercourse with her. Afterwards, Stell warned her not to tell anyone what had happened. The victim also recalled an earlier occasion when Stell fondled her breasts and vagina. She finally told her mother about the incident about three weeks later, after inquiring whether Stell had previously molested her older half-sister.

The victim's half-sister was allowed to testify that Stell began molesting her from the time she was about four years old and continued to do so until late 1989, when she was about thirteen years old. The molestation included fondling, sexual intercourse, and oral sex.

1. The testimony of the victim's half-sister was admitted as evidence of similar transactions. Stell contends that the trial court erred in not conducting the "similar transaction" hearing to determine the admissibility of that evidence prior to conducting voir dire, and in disallowing defense counsel to question the prospective jurors during voir dire as to whether evidence of similar transactions would prejudice them against Stell.

Stell cites no authority for the proposition that the similar transaction hearing should be held prior to a jury being impaneled, and we are aware of none. Rule 31.3 of the Uniform Superior Court Rules only requires that the trial court "shall hold a hearing at such time as may be appropriate . . . out of the presence of the jury." We find no error in the trial court's holding the hearing after voir dire in this case.

With regard to the trial court's limitation on the voir dire, although Stell was entitled under OCGA § 15-12-133 to examine the individual jurors as to "any matter or thing which would illustrate any interest of the juror in the case," "[h]ypothetical questions involving evidence or requiring a response from a juror which might amount to a prejudgment of the case are improper and should be excluded from the examination of prospective jurors. [Cit.]" *Pinion v. State*, 225 Ga. 36, 37 (165 SE2d 708) (1969). The trial court thus did not err in prohibiting defense counsel's examination of the prospective jurors regarding their possible reaction to evidence of similar transactions.

2. Stell next contends that the trial court erred in admitting the similar transaction evidence, on the grounds that those other transactions involving his stepdaughter were not sufficiently similar to the acts for which he was charged. Before a trial court may admit evidence of an independent offense, among other things it must first determine that there is a sufficient connection or similarity between the independent offense and the crime charged, so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). In the instant case, we agree with the trial court that the similar transactions recounted by Stell's stepdaughter were almost identical to the crime charged involving his natural daughter. The trial court did not err in admitting that evidence of similar transactions.

3. Stell also contends that the trial court erred in admitting the victim's testimony about the fondling incident that occurred approximately three weeks before the sexual abuse during Thanksgiving weekend of 1989, without notice and a hearing pursuant to Rule 31.3 of the Uniform Superior Court Rules. However, inasmuch as that testimony concerned an act of child molestation involving the same victim that occurred within the period of limitations, and was part of the pattern of molestation of the subject victim, Rule 31.3 does not apply. *Murphy v. State*, 195 Ga. App. 878 (5) (395 SE2d 76) (1990).

4. The trial in this case took two days to complete. Stell was present during the first day, but failed to appear on the second day. At the hearing on his motion for new trial, Stell claimed that his car broke down in Atlanta at approximately 6:00 a.m. on his way to the courthouse. However, he acknowledged that he had not contacted his attorney or the court to report this difficulty prior to the completion of the trial around 2:00 p.m. that day.

When Stell failed to show up for the second day of trial, defense counsel unsuccessfully moved for a continuance, and subsequently renewed that motion several times throughout the trial, on the grounds that there was no evidence that Stell voluntarily waived his right to be present during his trial. On appeal, he contends that the trial court erred in denying that motion.

When an accused is present at the beginning of the trial, but thereafter voluntarily absents himself from the proceeding, he waives his right to be present at the remainder of the trial. *Miller v. State*, 122 Ga. App. 869 (179 SE2d 265) (1970). OCGA § 17-8-23 provides for a continuance where a party is providentially prevented from attending the trial, and counsel for the absent party states in his place that he cannot go safely to trial without the absent party's presence. However, where counsel does not know the reason for his client's absence and is thus unable to make that formal motion for continuance, the trial court may assume that the defendant has voluntarily ab-

sented himself from the trial. *Smith v. State*, 139 Ga. App. 515 (228 SE2d 705) (1976). Accordingly, the trial court properly denied Stell's motion for continuance.

5. Stell also contends that the trial court erred in allowing the prosecutor to comment on Stell's flight. During examination of a witness, the prosecutor remarked that he would ask the witness to identify the defendant "but that would be kind of hard to do since he's not with us today." The trial court, however, granted defense counsel's motion to strike that comment, and Stell has presented nothing for this court to review in that regard.

During closing argument, the prosecutor commented on Stell's flight after the first day of trial, to which defense counsel objected on the grounds that there was no evidence to support such argument. However, a defendant's failure to appear in court after the first day of trial constitutes some evidence of flight, and the trial court properly overruled the objection. *Carruth v. State*, 155 Ga. App. 666 (272 SE2d 531) (1980).

6. Also, during closing argument, the prosecutor suggested to the jury that although it did not owe the prosecutor or the trial court anything, the jury did owe something to the victim, i.e., a duty to protect her from such criminal acts. On appeal, Stell argues that this comment constituted reversible error, but he does not elucidate why. Review of the trial transcript also reveals that he failed to object to this argument during closing argument itself, and thus waived the objection. *Cole v. State*, 200 Ga. App. 318 (5) (408 SE2d 438) (1991).

7. Lastly, Stell contends that the evidence was insufficient to support his conviction. However, viewed in the light most favorable to the verdict, the evidence was sufficient to authorize a rational trier of fact to find Stell guilty beyond a reasonable doubt as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lott v. State*, 206 Ga. App. 886 (4) (426 SE2d 667) (1992).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 26, 1993.

*Lindsey & Jacobs, Tamara Jacobs, Richard H. Bishoff*, for appellant.

*Johnnie L. Caldwell, District Attorney, Mark M. Irvin, Assistant District Attorney*, for appellee.